·(109 So. 179)

**RHODES v. SEWELL.** (8 Div. 450.)

(Court of Appeals of Alabama. May 18, 1926. Rehearing Denied June 15, 1926.)

**1. Judgment ⚖═▷18(2).**

Judgment on complaint not showing cause ·of action is ordinarily void.

**2. Attachment ⚖═▷1.**

Attachment and suit are distinctive matters, and any error or irregularity in former cannot affect latter.

**3. Attachment ⚖═▷211.**

Neither affidavit for attachment nor order of attachment is any part of pleadings in action.

**4. Attachment ⚖═▷212.**

Court has no jurisdiction to render judgment against defendant in attachment without filing of complaint in action, in view of Code 1923, § 6209.

**5. Judgment ⚖═▷18(1).**

Courts have no jurisdiction to render judgment until their action is called into exercise by pleadings.

**6. Appeal and error ⚖═▷112.**

Judgment coram non judice and void will not support appeal, but appeal will be dismissed.

On Rehearing.

**7. Costs ⚖═▷232.**

Where judgment appealed from is void so as not to support appeal, costs of proceedings will be taxed against appellee.

Appeal from Circuit Court, Lawrence County; J. E. Horton, Judge.

Attachment suit by R. F. Sewell against ·George Rhodes, Jr. Judgment for plaintiff, and defendant appeals. Appeal dismissed.

The affidavit and bond for attachment are as follows:

"Before me, W. R. Jackson, clerk of the·circuit court in and for said county, personally appeared R. F. Sewell, who, being duly sworn, ·on oath saith that George Rhodes, Jr., is justly indebted to him in the sum of $189.63, and one-fourth of cotton and one-third of all corn raised during the year 1921, which said amount is justly due after allowing all just offsets and discounts, and that the said George Rhodes is justly indebted to the said R. F. Sewell and for rents and advances, and the same is due and unpaid, and the said George Rhodes, Jr., refused to deliver the same or pay for the same after demand on him for the same, and that this attachment is not sued out for the purpose of vexing or harassing the defendant, or other improper motive. R. F. Sewell.

"Subscribed and sworn to before me this 11th day of November, 1921.

"W. R. Jackson, Circuit Clerk.

"The State of Alabama, Lawrence County.

"Circuit Court at Moulton, Ala.

''Know all men by these presents, that we, R. F. Sewell and A. G. Baynne, are held and firmly bound unto George Rhodes, Jr., in the sum of $400, to be paid to the said George Rhodes, Jr., his heirs, executors, administrators, or assigns, for which payment, well and truly to be made, we bind ourselves and· each of us, our and each of our heirs, executors, and administrators, jointly and severally, firmly by these presents.

"Sealed with our seals, and dated the 11th day of November, 1921. '

"The condition of the above obligation is such that, whereas, the above bounden R. F. Sewell has on the day of the date hereof prayed an attachment at the suit of R. F. Sewell against the estate of the above-named George Rhodes, Jr., for the sum of $189.63, and hath obtained the same, returnable to the circuit of' Lawrence county, now, if the said R. F. Sewell should prosecute said attachment to effect, and pay the said defendant all such damages as he may sustain by the wrongful or vexatious suing out said. attachment, then 'the above obligation to be void; otherwise to remain in full force and effect.

"And we and each of us hereby waive all rights of claim of exemptions we or either of us have now, or may hereafter have, under the Constitution and laws of the state of Alabama.

"Signed, sealed, and delivered the date above written. R. F. Sewell. [Seal.]

"A. G. Baynne. [Seal.]"

S. A. Lynne, of Decatur, for appellant.

In view of the·decision, it is not necessary that brief be here set out.  ·

E. B. Downing, of Moulton, for appellee.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. On the 11th day of November, 1921, R. F. Sewell filed an attachment affidavit and bond in the circuit court of Lawrence county. The writ ·was duly executed by the proper officer. The defendant, George Rhodes, Jr., appeared and filed a replevy bond and a plea denying any indebtedness to the plaintiff in attachment; also a plea of payment.

At a subsequent term of the court the case was tried by the court without a jury. It does not appear that any complaint was filed. In fact, the brief of counsel informs us that no complaint in the case was filed. There is no complaint in the record. A judgment was rendered by the court below against the defendant in attachment, and he brings the case here by appeal.

---

⚖═▷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] The courts of this state adhere to the rule that a complaint that does not show a cause of action is insufficient to support a judgment, and a judgment rendered thereon is ordinarily void. L. & N. R. R. Co. v. Mason, 4 Ala. App. 353, 58 So. 963.

[2, 3] The attachment and the suit are distinctive matters, and any error or irregularity in the former cannot affect the latter. The suit should be tried and determined upon its own merit, without any regard to the attachment. Elliott v. Mitchell, 3 G. Greene (Iowa) 237–239. Neither the affidavit for an attachment nor the order of attachment is any part of the pleadings in the action. Bundrem v. Denn, 25 Kan. 430.

[4, 5] Section 6209 of the Code 1923 specifically requires the plaintiff in attachment to file a complaint within a specified time. The cases hold that the provision regarding the time in which the complaint be filed is directory and not mandatory (Perkerson v. Snodgrass, 85 Ala. 137, 4 So. 752), but we are not aware of any decision holding that a complaint may be dispensed with entirely.

Our conclusion is that the court below had no jurisdiction to render a judgment against the defendant in attachment without the filing of a complaint. The courts have no more power, until their action is called into exercise by pleadings, to render judgment in favor of a person than they have to render judgment against a person until he has been brought within their jurisdiction. There is no principle better settled than that a judgment or decree cannot be entered in the absence of pleadings upon which to found the same.

The rule is well stated in Waldron v. Harvey, 54 W. Va. 608, 46 S. E. 603, 102 Am. St. Rep. 959, as follows:

"A decree is a conclusion of law from pleading and proofs, and where there is a failure of either pleading or proofs there can be no decree. Kenneweg [Keneweg] v. Schilansky, 47 W. Va. 287, 34 S. E. 773; Vance Shoe Co. v. Haught, 41 W. Va. 275, 23 S. E. 553. A decree, or any matter of a decree, which has no matter in the pleading to rest upon is void, because pleadings are the very foundation of judgments and decrees. 'Matters not charged in a bill or in the answer, and not in issue in the cause, are not proper to be considered on the hearing.' Hunter v. Hunter, 10 W. Va. 321. There must not only be jurisdiction as to the person affected by the decree by having him before the court by process or appearance, but there must be jurisdiction of the matter acted upon by having it also before the court in the pleadings. Multitudinous cases attest this elementary axiom of jurisdiction. If either is wanting, the decree or judgment is void, not merely voidable or erroneous."

See, also, Sache v. Wallace, 101 Minn. 169, 112 N. W. 386, 11 L. R. A. (N. S.) 803, 118 Am. St. Rep. 612, 11 Ann. Cas. 348; Windsor v. McVeigh, 93 U. S. 274, 23 L. Ed. 914.

[6] Our opinion is, and we therefore hold, that the judgment rendered by the court below was coram non judice and void; that it will not support an appeal; and that we must notice this ex mero. Porter & Co. v. Godfrey, 14 Ala. App. 566, 70 So. 204. For that reason the appeal is dismissed.

Appeal dismissed.

### On Rehearing.

PER CURIAM. [7] It having been held, in the original opinion, that the judgment from which this appeal was taken is void, and would not support an appeal, it is further ordered and adjudged that the costs of the proceedings be taxed against appellee. To this extent the original opinion is extended.

Application for rehearing granted. Opinion extended. Appellee taxed with the costs of these proceedings.