(124 So. 503)

### DOWELL v. WALLER. (7 Div. 580.)

Court of Appeals of Alabama. Nov. 12, 1929.

Motley & Motley, of Gadsden, for appellant.

James D. Giles, of Gadsden, for appellee.

RICE, J. This was a suit by attachment, to enforce payment of house rent, instituted by appellee against appellant in the inferior court. Judgment in that court went for plaintiff, and defendant appealed to the circuit court, demanding a trial by jury. In the circuit court, the case being called for trial, defendant (appellant) came not, but made default. The damages being unliquidated, this question was submitted to the jury.

Defendant (appellant) appeals to this court, assigning as error the rendition of judgment by default. The particular errors pointed out are (1) that no complaint was filed in the circuit court and that the complaint appearing in the record, if taken as having been filed in the inferior court, is not sufficient to support

304

a judgment; (2) that the affidavit was defective; and (3) that a justice of the peace (as well as an inferior court with the powers of a justice of the peace) has no authority to issue a writ of attachment in a suit of this sort.

In the record before us a summons and complaint are set out. While there might be some technical objection to the form in which shown, the facts apparent satisfactorily disclose that the complaint was the one upon which the trial was had in the inferior court, was properly transmitted to the circuit court by the judge of the inferior court responsive to the appeal, and would, if sufficient, serve as pleading in the circuit court.

The complaint reads: "The plaintiff claims of the defendant the sum of ninety & no/100 dollars, due by house rent."

In an attachment suit, a complaint must be filed before judgment is rendered. Code 1923, § 6209; Rhodes v. Sewell, 21 Ala. App. 441, 109 So. 179. On the trial by jury in any case appealed from justice court, a written complaint is essential. Lehman v. Hudmon, 79 Ala. 532.

"On the trial of a cause appealed from the justice's court, * * * to the circuit court, where the sum exceeds $20, when a sufficient complaint has not already been filed in the justice's court, which has been certified in a transcript and filed in the circuit court, on which the parties may try the cause, a complaint or statement of the cause of action must be filed in the latter court, and it is error to render judgment without one." Simmons v. Titche Bros., 102 Ala. 317, 14 So. 786, 787.

As pointed out, no complaint was filed in the circuit court. Assuming that the complaint found in the record was the one on which the trial was had in the inferior court and "found its way properly into the appellate" (circuit) court, it is insufficient to support a judgment. It follows no form laid down in the Code. It fails to show to whom or from whom the sum claimed is due. The words "due by house rent" are of no informative value as to the particular premises or the term, etc. Judgment was erroneously rendered on this complaint.

There is no merit in the other two particulars. Any defect in the affidavit, to be availing, must have been pointed out in the inferior court. Code 1923, § 8785.

A justice of the peace (or inferior court of like jurisdiction) has jurisdiction of an attachment suit to enforce a landlord's claim for rent. Code 1923, § 8815.

For the error indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.