5 So.2d 774

**SAMS v. SAMS.**

**6 Div. 836.**

Supreme Court of Alabama.

Jan. 22, 1942.

H. M. Abercrombie, of Birmingham, for appellant.

Basil A. Wood, of Birmingham, for appellee.

242

GARDNER, Chief Justice.

Appellant is executor of the estate of his father, Samuel Sams, who died in February, 1940, leaving an estate consisting of a one-half undivided interest in a house and lot on Avenue F in Ensley, which constituted the homestead, and personal property of some few thousand dollars. Decedent married appellee, Martha Sams, in December, 1936, his first wife having died in 1934, and the children, including this executor, interested in the estate are those of this first marriage.

The administration was removed from the probate into the equity court. Exceptions were filed to the report of the commissioners setting aside the homestead to the widow, as well as certain personalty.

As we read the record in the light of argument of counsel, one of the chief purposes of the litigation was to have the court declare Martha Sams not in fact the lawful wife of decedent and of consequence not entitled to exemptions as his widow. It appears the said widow had been twice before married, first to William Underwood King in 1919, and second to Ralph Eubanks in 1925. But these marriages were each dissolved by decree of divorce, that to King by decree of January 29, 1925, and that to Eubanks in July, 1936. The validity of the divorce decree obtained against King in 1925 is not assailed. But it is insisted the divorce decree obtained against Ralph Eubanks in July, 1936, is void and subject to collateral attack upon the theory the bill of complaint alleged no ground for divorce recognized by our statute, citing Tillery v. Tillery, 217 Ala. 142, 115 So. 27; Martin v. Martin, 173 Ala. 106, 55 So. 632 and Crimm v. Crimm, 211 Ala. 13, 99 So. 301. But on collateral attack all reasonable intendments and presumptions are to be taken in favor of the decree rendered. Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820; Anthony v. Anthony, 221 Ala. 221, 128 So. 440.

These latter authorities are likewise conclusive to the effect that applying the principle of reasonable intendments and presumptions, mere defects in the bill which render it demurrable do not subject it to collateral attack, for any want of jurisdictional averments. Upon the question Wilkerson v. Wilkerson, supra, contains a full discussion.

Cruelty of the husband to the wife is a ground of divorce in her favor. Section 7409, Code 1923. Title 34 § 22, Code 1940. And in Harris v. Harris, 230 Ala. 508, 162 So.102, 103, speaking to this cause for divorce the court said: "It is not necessary to authorize the granting of a divorce to the wife on the ground of 'cruelty' that she allege and prove that the husband has committed actual violence on her person attended with danger to life or health. Averments which show a course of conduct on the part of the husband creating reasonable apprehension of such conduct, and from such conduct the complainant has 'reasonable apprehension' that he will commit such violence on her person attended with danger to her life or health, are sufficient. Code 1923, § 7409, as amended by Gen. Acts 1933, Ex. Sess., p. 142 [Code 1940, Tit. 34, § 22]; Farmer v. Farmer, 86 Ala. 322, 5 So. 434; Wood v. Wood, 80 Ala. 254; Hughes v. Hughes, 19 Ala. 307."

The bill in the Eubanks divorce proceedings discloses a separation of the husband and wife on September 27, 1934, with the cause thereof stated in paragraph 3 as follows: "Complainant states that, on, to-wit: the 27th day of September, 1934, and prior thereto, the Respondent committed acts of violence to her person, that on the day of the separation, he was drunk, cursed her and abused her, and struck her in the right eye and disfigured it. He has threatened her life and she is afraid to live with him for he is a dangerous man, and complainant has been suffering from nervousness, therefore, Complainant charges Respondent with Cruelty."

Perhaps, viewed in the light of these averments and the case of Harris v. Harris, supra, the bill would be held sufficient even against demurrer interposed. But with that question we are not her concerned and need not stop to give it consideration. Suffice it to say the allegations of the bill amply suffice as to jurisdictional grounds for divorce and the decree in the

Eubanks case is not subject to this collateral attack.

Upon presentation of the will for probate appellee was named as the widow of Samuel Sams, deceased, and we conclude she was correctly so designated.

The only remaining question presented in argument on the assignments of error relates to the asserted action of the Chancellor in vesting the widow with full ownership of the one-half undivided interest in the homestead. The decree in this respect reads: "said widow is hereby allowed a homestead exemption to the extent of an undivided one-half interest in and to said property".

■ The commissioners reported the homestead did not exceed in value two thousand dollars and was the only real estate owned by decedent at the time of his death. These facts were not controverted except in the one particular presently to be stated. Our decisions are to the effect that judicial ascertainment of these facts is essential as against the heirs of the decedent for the vesting the absolute title in the widow and minor child or children or either as the case may be. Taylor v. Dew, 236 Ala. 624, 184 So. 184; Bryant v. Perryman, 213 Ala. 561, 105 So. 561; Miller v. First National Bank, 194 Ala. 477, 69 So. 916; Franklin v. Scott, 227 Ala. 101, 148 So. 833; Section 7920, Code 1923, Title 7, § 663, Code 1940. Parties to the cause have interpreted the decree rendered as complying with these requirements, and considering the report and exceptions thereto perhaps there is foundation for this interpretation. We think, however, the decree should be here modified in this regard, and it will be so ordered.

■ Considering, therefore, the decree as one vesting the absolute title to the one-half undivided interest in the homestead in the widow, we think the proof justifies such result. The only argument to the contrary is rested upon the proof that decedent, at the time of his death, owned the cemetery lot in which he was buried. There is no indication that he owned any real estate other than the homestead and this cemetery lot, nor is there the slightest suggestion that the value of the homestead interest exceeded two thousand dollars.

The point is made, therefore, that the ownership of the cemetery lot sufficed as a bar to the vesting of the absolute title in the widow. But we think this argument overlooks the case of Kerlin v. Ramage, 200 Ala. 428, 76 So. 360, L.R.A.1918A, 142 and Holder v. Elmwood Corporation, 231 Ala. 411, 165 So. 235, where the character of ownership of a cemetery lot is fully considered. These decisions are to the effect that the resting place of the dead is holy ground and that in some respects is not to be treated as subject to the laws of ordinary property. In the case of Kerlin v. Ramage, supra, the Court approved the holding of other courts to the effect that a lot in which human bodies are interred can never become subject of administration, or partition, nor can it be mortgaged for the security of debts.

Considering, therefore, the character of such property ownership we think it clear enough the cemetery lot does not constitute "other real estate" of such a character as would affect the vesting of the absolute title in the widow to the interest of decedent in the homestead.

We have considered the questions argued in brief by appellant and rested our decision upon the meritorious matters presented, omitting any consideration of argument as to the insufficiency of their presentation.

Our conclusion is that the assignments of error are not well taken and that the decree is due to be affirmed. It is so ordered.

Modified and affirmed.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.