77 So.2d 916

### C. C. GANTT

v.

### W. V. PHILLIPS.

1 Div. 580.

Supreme Court of Alabama.

Oct. 7, 1954.

Rehearing Denied Feb. 24, 1955.

Chason & Stone, Bay Minette, for appellant.

186

. J. B. Blackburn, Bay Minette, for appellee.

SIMPSON, Justice.

Phillips recovered of Gantt ten acres of land in Baldwin County in a statutory action of ejectment and Gantt appeals.

The plaintiff's evidence and on which the jury rested its verdict tended to establish the plaintiff's title to the land as follows: Israel Milton and his wife, Jane, acquired the land in about 1908 and were put into possession by their grantors, but the deed to them misdescribed the property. In 1921 a corrected deed was attempted to be made to Jane Milton, but this also failed to correctly describe the property. Anyway, the Miltons from 1908 until about 1944, when they attempted to convey the land to the plaintiff, had lived on and possessed it in such a way that regardless of any deed they had acquired title to the ten acres by prescription. Thereafter they made a deed to the plaintiff, also incorrectly describing the property, but they put the plaintiff in possession and he remained in the adverse possession of the property for about nine years and until a few months before the lawsuit when the defendant took possession, which precipitated the lawsuit. In March of this same year, after the plaintiff had discovered that his deed did not correctly describe the property, he procured deeds from the heirs of Israel and Jane Milton correctly describing the property. On the basis of this evidence, the jury returned a verdict for the plaintiff and in our view it was well founded.

The evidence for the defendant was, of course, contrary to the above, but we see no need of detailing it, since it was the jury's prerogative to accept that of the plaintiff as correctly describing the status of the title to the ten acres.

Before discussing the several assignments of error, we will mention some established principles which govern the case.

The prevailing rule is that the validity of the deeds received by the plaintiff from the heirs of the Miltons was unaffected by whether or not he or the defendant was in possesion when they were executed. The statute, Code 1940, Title 7, § 938 (first appearing in the Code of 1907), abolished the common-law rule of champerty and maintenance with respect to that status. Spradling v. May, 259 Ala. 10(15), 65 So.2d 494.

So when the heirs of Israel and Jane Milton conveyed the property to the plaintiff, they invested him with the legal title for the reason that the grantors, as the heirs of the Miltons, inherited the outstanding title from their Milton ancestors, who had acquired a perfect title by prescription, and nothing short of a grant by the titleholder or adverse possession by the opposing grantor and his predecessors in title for the statutory period could divest that title. Milstead v. Devine, 254 Ala. 442(4), 48 So.2d 530; Brantley v. Helton, 224 Ala. 93, 96, 139 So. 283.

The trial court and counsel failed to give full effect to this principle in the trial below and seem to have been under the impression that since the plaintiff had

not received a proper deed from the elder Miltons, he could only establish his title by tacking his adverse possession to that of the Miltons. But the law is otherwise. The theory of tacking " * * * contemplates a situation where the prior claimant by adverse possession had not acquired the title to the property at the time of his conveyance to the complainant but only acquired a status of adverse possession which could lead to a title in complainant when tacked to her possession subsequently occurring." Spires v. Nix, 256 Ala. 642, 644–645, 57 So.2d 89, 92.

This misapplication of the governing principle led to several erroneous rulings, but they were invoked by the defendant and against the plaintiff and were therefore without prejudice to the appellant and call for no review here.

Appellant argues that there was no evidence that the grantors in the several deeds made to the plaintiff in March, 1953, were the heirs of Israel and Jane Milton. But there are two answers to this contention.

First, the grantors in one of the deeds were proven to have been the only heirs of Jane Milton and their conveyance of their interest in the ten acres to the plaintiff, which they inherited from Jane Milton, made the plaintiff by this deed alone a tenant in common of the property, thereby entitling him as against the defendant to sue and recover the whole in ejectment. Reichert v. Jerome H. Sheip, Inc., 204 Ala. 86, 89, 85 So. 267; Hooper v. Bankhead & Bankhead, 171 Ala. 626, 631, 54 So. 549.

Second, an impartial appraisal of the record impels the conclusion that the fact that the grantors in the deeds to the plaintiff were all the heirs of the Miltons was an admission in evidence by the parties which went to the jury. We deduce this from a colloquy which we will refer to between counsel for the respective parties and the court, as well as a certain portion of the court's oral charge. With respect to the colloquy which took place preparatory to a ruling by the court on a motion by the defendant to exclude the deeds from evidence, the following appears:

"The Court: Did he show the deed from the heirs to Mr. Phillips?

"Mr. Stone [attorney for defendant]: Yes."

Whereupon the court overruled the motion to exclude the deeds. Thereupon Mr. Chason, attorney for the defendant, stated to the court:

"He has not shown in his evidence any connection between the parties who executed these deeds and the two Miltons who they say were in possession."

"The Court: If I understand the evidence you have testimony that the Miltons were in possession from 1908?

"Mr. Blackburn [attorney for plaintiff]: Yes, and we have the testimony of Mr. Phillips that these persons were the heirs of the Miltons. I proved that all the way through.

"Mr. Chason [for defendant]: That these parties that executed the deeds are the only heirs?

"Mr. Blackburn [for plaintiff]: Yes.

"The Court: Overrule the motion."

The foregoing seems to be tantamount to an admission in open court between the parties of the facts contended for by the plaintiff. This is borne out by a portion of the court's oral charge where he stated, "Later on the plaintiff secured a deed from the heirs according to the evidence of those persons (meaning the Miltons) who were in possession."

We hold, therefore, that there was no error in admitting the deeds in evidence.

Defendant also argues for a reversal in the giving of several written charges. But given for whom? The record fails to show and we should not presume for whom the several charges were given. Section 273, Title 7 of the Code sets out the manner in which transcripts should be prepared and this section was not complied with in showing for whom the charges were given or by whom requested. These charges, several in number, merely appear on the separate tran-

188

script page after the certificate of the court reporter and are marked given and signed by the trial judge. We do not think this a sufficient compliance with the statute to invite a review of any of the given charges.

We have reviewed refused charges where the record was silent as to whom they were requested by, but that was because only the charges refused to the appellant are required to appear in the transcript. Presuming the clerk complied with the law and set out only the appellant's refused charges, the court with some degree of leniency adopted the rule of undertaking to review such charges. Jackson v. Burton, 226 Ala. 483, 147 So. 414.

We do find one case, Townsend v. Adair, 223 Ala. 150, 134 So. 637, 639, where there was only one given charge assigned as error, which immediately followed the charge of the court as the statute required, and the court reviewed that charge even though it was silent as to whom it was requested by, but specifically noticed that "none of the other given charges are assigned for error." To extend the rule further would, in our view, be unwarranted. As a matter of fact, it is not a valid presumption that any number of charges first appearing in the transcript were given at the request of the plaintiff, for the plaintiff might not have requested any charges or the trial court might not have given any if requested for him. We hold, therefore, that the charges are not subject to review. For analogy see Boswell v. Land, 217 Ala. 39(4), 114 So. 470.

The appellant also argues as error to reverse the action of the court in allowing the plaintiff to testify that during the forty-year period of time that Israel Milton lived on this ten acres of land involved in this suit he claimed to own it. The argument is made that the testimony was invasive of the province of the jury as calling for a conclusion or opinion of the witness, citing Aiken v. McMillan, 213 Ala. 494, 106 So. 150, and other cases. The cases cited are not factually similar to the one at bar, but without determining the soundness of the proposition advanced, it is sufficient to avert error by noticing that the defendant interposed no objection pending trial on the stated ground. Birmingham Ry., Light &. Power Co. v. Moseley, 164 Ala. 111, 51 So. 424.

Finally, it is insisted by appellant that the court erroneously allowed the plaintiff to introduce in evidence certain tax receipts showing the payment of taxes by the plaintiff on the ten acres because they appear to be made from escape assessments. In this we perceive no error. An escape assessment made by a party in good faith while in possession of the property or a receipt showing such payment would be admissible as evidencing the plaintiff's claim of ownership, just as any other assessment or receipt.

We have given studious consideration to the case in the light of argument of counsel and find no reversible error.

Affirmed.

All the Justices concur.