242 So.2d 389

**Allan NATHANSON, as Guardian ad Litem of any Unknown Heirs of Tom Key, Deceased, Who May be Minors or Insane and Whose Addresses are Unknown, et al.,**

**v.**

**Mary KEY.**

**5 Div. 902.**

Supreme Court of Alabama.

Dec. 10, 1970.

As Amended Jan. 6, 1971.

Russell, Raymon & Russell, Tuskegee, for appellant.

No brief for appellee.

BLOODWORTH, Justice.

This appeal is from a probate court decree setting apart a homestead to appellee, Mary Key, the widow of John Key, deceased, pursuant to Title 7, § 694, Code of Alabama 1940.

■ Appellant, as guardian ad litem for any unknown heirs of John Key and six other named deceased persons, contends that the probate court decree is erroneous since it failed to find as a necessary jurisdictional fact that the homestead was all of the real property owned in the State of Alabama by John Key at the time of his death. We agree that such finding is jurisdictional, and we hold that the decree of the probate court is void on account of such omission.

The amended petition filed by the widow alleged that John Key died intestate August 18, 1960, and that he was survived by no minor children or descendants of children. It is alleged that the heirs of John Key are the "unknown heirs" of six named deceased individuals whose relationships to John Key are not shown.[1] The widow, in

---

1. In the event of another proceeding in this matter, we think such relationships should be alleged and proved. It would also appear that a diligent effort might disclose whether in fact there are any heirs.

the petition (filed eight years after the deceased's death), seeks to have a homestead set apart to her in fee simple. Before amendment, the petition contained a description of a tract of land of approximately 47½ acres which was alleged to have been *all* of the real estate owned in the State by John Key at his death. Commissioners were appointed who set apart the homestead to petitioner. Before any decree of the probate court was entered, the widow amended her petition averring that at the time of his death John Key left two tracts of land which were alleged to be *all* of the real property owned by him at his death. The description of the first tract was the same as the parcel of land described in her original petition. The second tract was described and alleged to consist of approximately 26 acres. The same commissioners were again appointed and they found that the two tracts of land described in the amended petition constituted *all* of the real property owned by John Key at the time of his death and that the land did not exceed $6,000 in value and 160 acres in area. It was set apart to the widow as a homestead. A hearing was set to hear the commissioners' report.

The guardian ad litem filed exceptions to the commissioners' report alleging: that only the first tract was the homestead of John Key and the second tract was not; that the widow had conveyed various portions of both parcels of land to various individuals subsequent to the death of John Key; and, that she no longer had an interest in all of the real property owned by her husband at the time of his death.

The widow then again amended her petition deleting the description of the second parcel of land and adding to the description of the first parcel the following clause: "less and except therefrom any and all property heretofore conveyed." The commissioners then amended their re-

port to be in consonance with the widow's last amended petition. The guardian ad litem refiled his exceptions to the commissioners' report. At the hearing, the guardian ad litem offered proof that the widow had conveyed 28 parcels of the lands owned by her husband to third parties.

After the hearing, the probate court entered a final decree (inter alia): overruling the exceptions; finding the property to be less in value and area than the exemption; and awarding the widow fee simple title in the first parcel of land "less and except therefrom any and all property heretofore conveyed" as her homestead. The guardian ad litem thereupon gave notice of appeal.

There are certain well accepted principles governing this case. The rights of a widow under our homestead statutes are fixed by the death of her husband. If the real property involved is occupied as a homestead at the time of the husband's death, is all the real property left by him in the State at that time, and does not exceed in area or value the exemption allowed by law,[2] the widow acquires a life estate in the land without any action on her part. Nix v. McCoy, 280 Ala. 516, 195 So.2d 893; Cox v. McLemore, 236 Ala. 559, 183 So. 860.

In a judicial proceeding to have the homestead set aside to the widow in fee, the court must find that the property (sought to be set aside as homestead) was *all* the land owned by the deceased in the State at the time of his death and that it did not exceed $6,000 in value[3] and 160 acres in area.

We said in Simpson v. Simpson, 254 Ala. 648, 651, 49 So.2d 314, 317:

"The decree does not judicially ascertain and adjudge that the lands, the sub-

2. See however Ganus v. Sullivan, 267 Ala. 16, 99 So.2d 204; Harrod v. Farmer, 273 Ala. 298, 139 So.2d 115, allowing the exemption without limit as to value.

3. See note 2, supra.

ject-matter of the proceedings, are all the lands owned by said decedent at the time of his death and is, therefore, inefficacious to vest the title in the widow as against the adult heirs. Code of 1940, Title 7, § 663. The erroneous omission last pointed out might be corrected here or by remandment to the probate court for such purpose, but for the failure of the application to state the essential jurisdictional facts, which renders the entire proceeding void. * * *"

The petition filed by the widow of John Key in this case purports to comply with the jurisdictional requirements. After stating that the real property was less than $6,000 in value and 160 acres in area, the petition avers that, "The real estate herein above described constituted all of the real estate owned by the deceased at the time of his death." Yet, we observe from the description of the property, that it did not constitute *all* of the property owned by John Key at his death. For, by adding the clause "less and except therefrom all property heretofore conveyed" to the description of the land, the widow admits that the property she is seeking to have set apart is not *all* the land owned by her husband at the time of his death.

The failure of the petition to contain this averment renders the decree of the probate court void. We stated in Durham v. Mims, 269 Ala. 477, 479, 114 So.2d 245, 247, that the " * * * probate court, in setting apart exemptions to the widow and minor children, acts as a court of limited jurisdiction and that such jurisdiction attaches only when the application or petition contains the necessary jurisdictional allegations; that the application must show the facts prescribed by the statute which are regarded as jurisdictional, and in the absence of such showing the decree will be void on its face. (Citing cases) * * *"

We also noted in Simpson v. Simpson, supra:

" * * * The widow under her quarantine rights is entitled to the possession of the homestead until her exemption and dower rights have been ascertained and set apart. Thompson v. Bryant et al., 251 Ala. 566, 38 So.2d 590.

"The proceedings and decree of the court being void for want of jurisdiction as above pointed out, the widow may renew her application to the probate court to have her exemptions set apart.

"The decree appealed from is void and the appeal must be dismissed. Craig et al. v. Root, 247 Ala. 479, 25 So.2d 147; Boozer v. Boozer, 245 Ala. 264, 16 So.2d 863."

Thus, we find in this case that the proceedings and decree of the probate court are void for lack of jurisdiction. The widow may renew her application to the probate court to have her exemptions set apart.

The request of the guardian ad litem to be awarded a fee for his services on this appeal is granted. The court entertains the view that $150 is reasonable under the circumstances of this case, which sum shall be taxed to the appellee as part of the costs of this cause, and it is so ordered. Commercial Standard Ins. Co. v. New Amsterdam Cas. Co., 272 Ala. 357, 131 So.2d 182 (1961); Rhodes v. Sewell, 21 Ala.App. 441, 109 So. 179 (1926).

The decree appealed from being void, the appeal must be dismissed.

Appeal dismissed.

SIMPSON, HARWOOD, MADDOX and McCALL, JJ., concur.