250 So.2d 682

Walter McKEE, as Superintendent, etc., et al.

v.

Alfred W. GOLDTHWAITE.

3 Div. 471.

Supreme Court of Alabama.

May 20, 1971.

Rehearing Denied Aug. 5, 1971.

V. H. Robison, Montgomery, for appellant.

Alfred W. Goldthwaite, Montgomery, pro se.

MADDOX, Justice.

In 1939, Olivia Arrington deeded to the appellant, Montgomery County School Board, three acres of land for a recited consideration of $60. The Board built and operated Arrington School in Montgomery County on a tract of land not deeded to it for a period of almost twenty-eight years as a school for Negro children until the school was ordered closed by the United States District Court in Montgomery. The Board advertised the school site for sale and Alfred W. Goldthwaite, heir of Olivia Arrington, and present owner of the land surrounding the school site filed this action in equity, asking the court to order the School Board to vacate the land on which the school was built and to find that the three acres originally deeded to the Board and not used by it had been abandoned. Goldthwaite also sought a temporary injunction to prevent the Board from selling the property. The Board made no claim to the land originally deeded to it by Olivia Arrington, but in its answer and cross-bill, stated that it had gone into possession of the school site based on a survey of the land described in the 1939 deed and made by a civil engineer named George Pickett, and asked the court to order that it was the owner of the land on which it had built the school and which it had possessed since 1939.

Neither the School Board nor the original owners nor their heirs were aware that the school was located on a site different from that specified in the 1939 deed from Olivia Arrington to the Board, until 1966, when a survey made at the request of Goldthwaite revealed the fact that the school might be mislocated.

The following is a diagram of the disputed property as shown by a survey made at the direction of the court:

234

3.

N 86° 56' W
1313.98'

N 86° 30' E
1314.47'

SW 1/4 of NE 1/4

SE 1/4 of NE. 1/4

N 3° 37' 30" E
1327.96'

1321.41'
N 2° 56' E

Goldwaithe

Olivia G. Arrington

Record location of
School Lot

N 87° 00' 30" W
1328.2'

1330.2'

Mary Arrington

330'
N 3° 10' E

1331.34'
N 87° 00' 30" W
1187.49'

Arrington School Lot

See INSET

MT. ZION ROAD

J. L. Paulk

N 3° 23' 30" E
2209.3'

2313.30'
N 3° 12' E

2643.3'

W 1/2 of SE 1/4

E 1/2 of SE 1/4

NW Cor. of E 1/2 of SE 1/4

N 75° 15' 30" W
244.53'

86.7'

Olivia G. Arrington

169.82'

MT. ZION ROAD

N 19° 03' E
263.32'

1.67 acres

N 3° 23' 30" E
243.31'

0.82 ac.

210.15'
N 9° 41' E

:5 chains
(330 feet)

315.88'
S 76° 19' E

N 87° 00' 30" W
143.85'

10.54'

0.10 ac.

140.85'

2209.3'

Mary Arrington Goldwaithe

J. L. Paulk

INSET

SCALE: 1" = 100

[173Z]

The court, after hearing the evidence, entered a decree which ordered the Register to deliver a deed to Goldthwaite to both tracts, the original tract deeded to the Board by Olivia Arrington and the tract on which the school was located. The trial court did give the Board the right to remove its building from the land within a reasonable time.

The evidence seemed to show without contradiction that the Board of Education built the Arrington School on property which was not deeded to it, but that the former owners and Goldthwaite never questioned the location of the school. Goldthwaite testified that he was not claiming that his predecessor had made a "gift" of the three acres to the Board, but that he had always "assumed" that the Board had built the school on the land deeded to it. It appears from the record that the land on which the school was located was fenced during the entire period of the Board's possession and Goldthwaite was aware of this fact.

We think the trial court was incorrect in ordering the Register to grant to Alfred W. Goldthwaite the tract occupied by the Board and used by it as a school site.

The School Board's claim to the Arrington School site is founded on the doctrine of prescription, the Board saying that it was in possession of the land openly and adversely for more than twenty years. This Court has previously decided that a school board can acquire title to land by adverse possession, Morgan v. Cherokee Co. Bd. of Educ., 257 Ala. 201, 58 So.2d 134 (1952), Fudge v. County Bd. of Educ. of Wilcox, 272 Ala. 521, 133 So.2d 38 (1961); therefore, the sole question remaining is whether possession by mistake can be adverse? We answer that question affirmatively.

In Branyon v. Kirk, 238 Ala. 321, 191 So. 345 (1939), this Court said:

"* * * Whether the possession to a given location is adverse is one of in-

tention. If it was so held because he considered it his own, and claimed it as his own, it is hostile though he does not suppose he is claiming more than he owns; and that such claim is by a mistake of fact. It is not necessary for one to know that he is claiming the property of another when he is in the actual possession of it to make such possession adverse to the true owner. If he is in the actual possession with the intention to hold it and claim it as his own, it is adverse. Brantley v. Helton, 224 Ala. 93, 139 So. 283."

This Court, in Whitlow v. Moore, 246 Ala. 472, 21 So.2d 253 (1945), held that possession is hostile when one holds property as his own, whether by mistake or wilfully. If the possessor claims the land as his own, his possession is hostile, though he is claiming more than he owns and though such claim is by a mistake of fact. Duke v. Wimberly, 245 Ala. 639, 18 So.2d 554 (1944).

The Alabama rule of prescription may be unique, [Ballenger v. Liberty National Life Insurance Co., 271 Ala. 318, 123 So.2d 166 (1960); Schwab v. Nonidez, 276 Ala. 308, 161 So.2d 592 (1964)], but this Court has uniformly followed the rule for many, many years.

In Morris v. Yancey, 267 Ala. 657, 104 So.2d 553 (1958), this Court said:

"* * * This court has adhered with uniform tenacity to the doctrine of prescription and has repeatedly held that the lapse of twenty years, without recognition of right or admission of liability, operates as an absolute rule of repose. Walker v. Coley, supra, 264 Ala. 492, 88 So.2d 868; Kidd v. Browne, 200 Ala. 299, 76 So. 65; Case v. Conservation & Land Co., 256 Ala. 46, 53 So.2d 562; Staten v. Shumate, 243 Ala. 261, 9 So.2d 751; Kidd v. Borum, 181 Ala. 144, 61 So. 100; Vidmer v. Lloyd, 184 Ala. 153, 63 So. 943. In Stearnes v. Woodall, 218 Ala.

128, 117 So. 643, after quoting from Kidd v. Borum, supra, we said:

" ' In this respect the elements on which the doctrine of prescription is applied differ from those of adverse possession. In the first there must be an individual, continuous possession of user, without the recognition of adverse rights, for a period of 20 years, and upon the establishment of such claim and user, the law presumes the existence of all the necessary elements of adverse possession of title without fuller proof, while under a mere claim of adverse possession through the period prescribed by the statute of limitations no such presumption prevails, and all the elements must be established by him who asserts such possession or title. See Locklin v. Tucker, 208 Ala. 155, 93 So. 896, and cases cited in the last paragraph of the opinion in the case of Jackson v. Elliott, 100 Ala. 669, 13 So. 690.' 218 Ala. 130, 117 So. 644."

In this case, the testimony was heard ore tenus by the Court. We are aware of the rule that there is a presumption as to the correctness of the trial court's findings of fact. However, this presumption does not exist where the trial court erroneously applies the principles of law involved. See St. Clair Industries, Inc. v. Harmon's Pipe and Fitting Co., 282 Ala. 466, 213 So. 2d 201 (1968), and the many cases therein cited.

The evidence is without dispute that the School Board was in possession of the school site for almost twenty-eight years. It had built and operated a school on the land, had built a fence around it and otherwise held it openly, notoriously and adversely since 1939 and no action was taken to prevent such possession or to question it. From all the evidence, the only inference is that the Board thought it built on the right property, that Goldthwaite and his predecessors in title were of the same opinion until a later survey raised the question. Under these facts, the only conclusion is that our rule of repose is applicable. In Oxford v. Estes, 229 Ala. 606, 158 So. 534 (1934), this Court said:

" * * * Prescription, as a bar to actions at law or in equity, is a rule of repose; aims at an end of controversies touching title to property; fixes twenty years as the absolute limit beyond which courts will not inquire; applies to express trusts which have lain dormant, unrecognized, and unasserted for twenty years; no disabilities, such as infancy, prevent or suspend the running of the twenty-year period. The rule is bottomed on the doctrine that demands unasserted for so long a time, either had no foundation in justice, or have been adjusted.

"Failure of memory, loss of evidence, death of parties, the probability that the whole truth cannot be ascertained and justice done, enter into the equation as a reason for the rule. It is not a presumption merely, but a rule of law, raising an absolute bar to ancient causes of action. Harrison v. Heflin, 54 Ala. 552; James v. James, 55 Ala. 525; Nettles v. Nettles, 67 Ala. 599; Garrett v. Garrett, 69 Ala. 429; Smith v. Gillam, 80 Ala. 296; Greenlees, Adm'r. v. Greenlees, 62 Ala. 330; Woodstock Iron Co. v. Roberts, 87 Ala. 436, 6 So. 349; Semple v. Glenn, 91 Ala. 245, 6 So. 46, 9 So. 265, 24 Am.St. Rep. 894; Roach v. Cox, 160 Ala. 425, 49 So. 578, 135 Am.St.Rep. 107; Scott v. Scott, 202 Ala. 244, 80 So. 82; Peters Mineral Land Co. v. Hooper, 208 Ala. 324, 94 So. 606; Laird v. Columbia Loan & Investment Co., 216 Ala. 619, 114 So. 208."

In Lay v. Phillips, 276 Ala. 273, 161 So.2d 477 (1964), this Court held that the term prescription presupposes a lost grant, and that the presumption created by prescription precludes judicial inquiry in a title so acquired.

We have carefully reviewed the evidence and must find that the trial court, under the facts as presented in this case, was without authority of law to find that the

Montgomery County Board of Education did not acquire the Arrington school site by prescription.

The judgment of the trial court authorizing and directing the Register to deliver to Alfred W. Goldthwaite a Register's deed to the Arrington school site lands is reversed and remanded.

The appellant School Board does not argue that the court erred in directing the Register to deliver a Register's deed to that portion of the property originally deeded to it, but not occupied or used by it. Since no attack is made upon the decree in this regard by appellant, the decree is affirmed in all respects other than that portion which directed the Register to deliver a deed to the Arrington School site. Cf. AGM Drug. Co. of Ala. v. Dobbs, 277 Ala. 493, 172 So.2d 379 (1965). We do note that the decree of the court does not specifically describe the Arrington School site lands and the York Engineering and Moseley surveys both indicate that the Arrington School lot overlaps the lot originally deeded to the School Board. The lower court is directed to order the Register to prepare a deed to the Board of Education of Montgomery County, specifically describing the Arrington School site, and attaching a copy of the York Engineering survey to such deed, and incorporate such survey by reference. The lower court is further directed to order the Register to prepare a deed to Alfred W. Goldthwaite to the land granted to the Board of Education of Montgomery County by Olivia Arrington, said deed being dated September 27, 1939, excepting that portion of land located within the lot described as the Arrington School site and deeded to the Board of Education of Montgomery County by the Register's deed hereinabove directed to be prepared and delivered.

Affirmed in part; reversed in part; and remanded with directions.

HEFLIN, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.