280 So.2d 773

**Louise L. LOCKE**

**v.**

**Martha A. LOCKE et al.**

**SC 148.**

Supreme Court of Alabama.

July 19, 1973.

345

Adams, Gillmore & Adams, Grove Hill, for appellant.

Armbrecht, Jackson & DeMouy and Broox G. Holmes, Mobile, Scott & Porter, Chatom, for appellees.

HEFLIN, Chief Justice.

This is an appeal from the Circuit Court of Choctaw County, Alabama, in equity, wherein the appellant-complainant Louise L. Locke filed a bill seeking a declaration of her interest in certain real estate which allegedly constituted the homestead owned by her late husband, Robert Locke, at the time of his death.

The bill, as last amended, which contained a prayer that the appellant-complainant Louise L. Locke be declared the fee simple owner of said real estate, contained averments that the geographical area of the real estate in question was less than 160 acres; that the decedent had occupied said real estate as his homestead at the time of his death; that the value of the real estate was more than $6,000.00; and that the decedent "owned no other real property in the State of Alabama at the time of his death other than his said homestead and some minerals in and under certain lands; . . .."

The appellees-respondents (collateral heirs at law of Robert Locke and their vendees) filed demurrer to the bill on some 37 grounds. The demurrer was sustained by the lower court. Having alleged all pertinent facts upon which she believed herself to be entitled to the relief prayed for, Louise L. Locke moved for dismissal of her bill, which motion was granted. It is from this final decree that the appellant-complainant has taken appeal, assigning as error the ruling of the lower court sustaining the demurrer.

The attention of this court is directed to several grounds of the demurrer which asserted that the relief prayed for must be denied because the bill affirmatively shows on its face that the decedent owned real-estate in Alabama other than the homestead at the time of his death. The portion of the bill to which the appellees-respondents refer contains the following allegation:

"The said Robert Locke [decedent] owned no real property in the State of Alabama at the time of his death other than his said homestead and some minerals in and under certain lands, the surface of which was owned by other parties; . . .."

The homestead of a childless Alabama resident who dies intestate vests absolutely, in fee simple, in the widow only

where, among other matters, said homestead is the only real estate owned by the decedent at the time of his death. Title 7, Section 663, Code of Alabama, 1940, as amended (Recompiled 1958); Nathanson v. Key, 286 Ala. 486, 242 So.2d 389 (1971). The bill in the case under review clearly shows that the decedent owned minerals in and under certain lands at the time of his death, as well as the homestead in question. Thus, the issue evolves to this: Are mineral rights such "other real estate" as will prevent the vesting of fee simple title to the homestead in the appellant-complainant.

■ The appellant-complainant, of course, contends that they are not, and bases her argument on Sams v. Sams, 242 Ala. 240, 5 So.2d 774 (1942), in which it was held that a cemetery lot was not such "other real estate" as would bar the vesting of fee simple title to the homestead in the widow. This court's holding in *Sams* was founded on the peculiar character of ownership of a cemetery lot. A cemetery lot is, in many respects, exempted from the operation and effect of some aspects of real property law. For instance, such property is not subject to administration (Kingsbury v. Flowers, 65 Ala. 479 (1880)) or partition (Kerlin v. Ramage, 200 Ala. 428, 76 So. 360 (1917)—dicta), nor may it be mortgaged (Kerlin v. Ramage, supra). Mineral rights possess no such characteristics, and their ownership may not be equated with that of a cemetery lot on that basis, as argued by the appellant-complainant.

Additionally, there are certain public policy considerations present in the case of a cemetery lot which do not come into play where the "other real estate" owned by the decedent is mineral rights. The eventual need for a cemetery lot is something no one can escape, and its purchase at some time is inevitable. It is provident that such matters be dealt with prior to death. Had *Sams* been decided differently, no one could purchase a lot prior to death without defeating his widow's homestead rights. There being no corresponding need as to the purchase of mineral rights, the public policy which influenced this court's decision in *Sams* is nonexistent in the case under review.

■ Taking a more affirmative approach to the issue at hand, it is to be noted that mineral rights are considered "real estate" in Alabama, and this court so held in Brooks v. Cook, 141 Ala. 499, 38 So. 641 (1904). Although in *Brooks* the issue whether mineral rights were to be considered "real estate" arose in determining whether a conveyance of such rights must conform to the formalities required of a conveyance of real estate, this court, nevertheless, plainly stated that:

> "The great weight of authority, as well as the logic of the situation, so fully bear out this principle that we consider it fully settled that minerals in the earth are a part of the real estate . . .."

This holding is no less forceful because the inquiry in the case at bar arises from the question whether the widow takes a fee simple title under Title 7, Section 663, rather than whether a conveyance of mineral rights must comply with the formalities required of a conveyance of real estate as in *Brooks*.

■ Since the allegations of the bill show that the decedent did own "other real estate" in Alabama at the time of his death besides the homestead, it follows that the demurrer was properly sustained. The lower court's ruling is due to be affirmed if any one ground of demurrer is well taken. Brown v. W.R.M.A. Broadcasting Co., 286 Ala. 186, 238 So.2d 540 (1970). Therefore, the lower court's ruling is affirmed.

Affirmed.

MERRILL, HARWOOD, MADDOX and McCALL, JJ., concur.