BEATTY, Justice.
The plaintiff, Susie M. Isaiah Lucas, appeals from the granting of defendants’ motion to dismiss. We affirm.
Susie M. Isaiah Lucas, a resident of the state of Michigan, filed her complaint in the Circuit Court of Montgomery County, alleging that during her childhood she lived with David Isaiah who owned land in Montgomery County. David Isaiah died in February 1954, leaving a last will and testament which was filed for probate with the Probate Court of Montgomery County on September 28, 1956, two and one-half years after his death.
Under the will of David Isaiah the plaintiff was bequeathed forty acres of land for her natural lifetime and at her death the land was to go to Rosie Lucas, David Isaiah’s daughter. Rosie Lucas, who died in February 1978, was the wife of the defendant McKinley Lucas. Rosie and McKinley had a daughter, Johnlene Lucas Brown, who is also a defendant, both individually and as executrix of her mother’s estate.
The complaint alleged that the plaintiff was not advised of the will in 1954, that she had made inquiry about the will at the Montgomery County Probate Office and found no will, and that she remained unaware of the will being filed for probate in 1956 until her attorney checked the records in December 1979. The complaint also alleged that in 1967 McKinley and Rosie conveyed the land to their daughter, Johnlene Lucas Brown, by a warranty deed which omitted any reference to the life tenancy of the plaintiff.
The plaintiff contends that since McKinley and Rosie executed the warranty deed to Johnlene, in spite of their knowledge of the plaintiff’s interest, such conveyance should be subject to the plaintiff’s rights.
The plaintiff by her complaint requested the trial court to set aside the deed from McKinley and Rosie to Johnlene; to order the defendants to pay the plaintiff $7,000.00 of back rent collected from February 1954 to the present; and to award her $10,000.00 in punitive damages.
The defendants filed a motion to dismiss stating that the cause of action was barred by laches, and by prescription. The motion to dismiss also stated that the claim for punitive damages should be dismissed since Rosie Lucas was deceased and without her testimony the plaintiff should not be allowed to file her claim. After a hearing on the motion, the trial court granted the motion to dismiss without setting forth any grounds. The plaintiff appeals the granting of that motion.
Although the trial court did not set forth specific grounds for the granting of the motion, a lower court’s granting of a motion to dismiss is due to be affirmed if any one ground of the motion was well taken. See Locke v. Locke, 291 Ala. 344, 280 So.2d 773 (1973). We are of the opinion that the rule of prescription or the twenty-year doctrine of repose controls this case and that the motion to dismiss was properly granted based on the application of the rule.
Prescription, or the twenty-year doctrine of repose, has long been recognized in Alabama. In Morris v. Yancey, 267 Ala. 657, 104 So.2d 553 (1958), this Court said:
This court has adhered with uniform tenacity to the doctrine of prescription *65 and has repeatedly held that the lapse of twenty years, without recognition of right or admission of liability, operated as an absolute rule of repose. . . .
This Court further explained the rule in McKee v. Goldthwaite, 287 Ala. 232, 250 So.2d 682 (1971), quoting Oxford v. Estes, 229 Ala. 606, 158 So. 534 (1934), by stating:
Prescription, as a bar to actions at law or in equity, is a rule of repose; aims at an end of controversies touching title to property; fixes twenty years as the absolute limit beyond which courts will not inquire; ... no disabilities, such as infancy, prevent or suspend the running of the twenty-year period. The rule is bottomed on the doctrine that demands unasserted for so long a time, either had no foundation in justice, or have been adjusted.
This doctrine has also been codified in Code of 1975, § 6-2-8.
The defendants urge that because the will was probated in 1956 and a period of more than twenty years had lapsed prior to any action by the plaintiff, the doctrine of prescription or twenty-year doctrine of repose applies to bar all claims for the property or rents therefrom. The plaintiff contends, however, that the doctrine of prescription does not apply in this case. She urges that the interests of a life tenant and of a remainderman are so intertwined that the doctrine of prescription cannot run against either of them.
Alabama courts have consistently held that a life tenant cannot acquire the title of a remainderman by adverse possession. Taylor v. Russell, Ala., 369 So.2d 537 (1979); Duncan v. Johnson, Ala., 338 So.2d 1243 (1976). In Duncan, supra, this Court quoted from Pickett v. Doe, ex dem. Pope, 74 Ala. 122 (1883) and enunciated the reason for the rule:
The tenant for life is entitled to actual possession of the premises of which he is enfeoffed; the remainder-man is not so entitled, as long as the life-tenant is living. The actual possession of the former, therefore, is rightful, and not wrongful. It is not adverse to any right of the remainder-man, but perfectly compatible with all of his rights. The latter having no right of possession, either actual or constructive, cannot be disseized, or ousted, in any proper acceptation of these words.... [74 Ala. at 132.]
The plaintiff argues that since the interests of the life tenant and the remainder-man are said to be “compatible,” and “not adverse,” a remainderman should not be allowed to obtain the interest of a life tenant by prescription as long as the life tenant lives. This argument must fail, however, since it ignores the basic principle upon which the two types of interests are founded.
It is clear that until the termination of the preceding life estate a remain-derman has no right to possession, and consequently there can be no possession adverse to him. Hinesley v. Davidson, Ala., 335 So.2d 380 (1976); Hammond v. Shipp, 292 Ala. 113, 289 So.2d 802 (1974). It is equally clear that a life tenant, who has the right to immediate possession, is subject to losing his estate by adverse possession. “A stranger to the title may, during the life of a life tenant, establish an adverse possession as against the life tenant and acquire title thereby to the life estate.” 31 C.J.S. Estates § 66, p. 136 (1964). Thus, since a remainderman has no right to possession during the life of the life tenant, possession by the remainderman could be adverse to the possession of the life tenant. Prescription or the doctrine of repose would clearly apply to property held adversely for a period of twenty years by a remainderman against a life tenant.
The plaintiff contends that prescription, or the doctrine of repose does not apply here because neither Rosie Lucas, nor Johnlene Lucas Brown, individually, held for the required twenty-year period. The deed from Rosie and McKinley to Johnlene was given in 1967, which was only eleven years after the probate of the will. John-lene has possessed the land since 1967. Clearly neither Rosie nor Johnlene alone possessed the land for the requisite twenty- *66 year period. This argument, however, ignores thé doctrine of tacking which is well established in Alabama. In Gantt v. Phillips, 262 Ala. 184, 77 So.2d 916 (1954), this Court said:
The theory of tacking . . . contemplates a situation where the prior claimant by adverse possession had not acquired the title to the property at the time of his conveyance to the complainant but only acquired a status of adverse possession which could lead to a title in complainant when tacked to her possession subsequently occurring. ...
Thus the doctrine of tacking is applicable in this case and permits Johnlene Brown to add her period of possession to that of Rosie Lucas in order to establish continuous possession for a period of twenty years so that title to the property could be gained by prescription.
The complaint in its relevant part reads as follows:
Plaintiff avers the said forty acres is excellent pasture land and is presently being leased to parties unknown to your Plaintiff by the said Johnlene Brown; that to the best knowledge and belief of Plaintiff the property has been so utilized since the death of David Isaiah in 1954.
Although the plaintiff does not question the continuous possession by Rosie and John-lene, it must be noted that the actual possession required under the theory of prescription can be met through possession by a tenant on behalf of the adverse claimant. In Orso v. Cater, 272 Ala. 657, 133 So.2d 864 (1961) this Court said: “It is elementary that, as between landlord and tenant, possession of the tenant is possession of the landlord.. .. ” Thus, the complaint itself shows that the defendants and their predecessor in title, either personally or through tenants, have maintained continuous possession of the property for over twenty years.
Since we have determined that prescription can apply in this situation, where a remainderman holds against a life tenant, and since the complaint itself shows the continuous possession for a twenty-year period by the defendants, we hold that the doctrine of prescription applies here to create an absolute bar to any petition for an accounting or demand for the possession of land. Thus, the motion to dismiss was properly granted.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.