(79 South. 308)

BARTON et al. v. LAUNDRY.   (8 Div. 125.)

(Supreme Court of Alabama.   May 20, 1918.)

1. HOMESTEAD ☞142(2)—WIFE'S INTEREST IN HOMESTEAD—STATUTES.

Where husband and wife owned homestead jointly, and wife died intestate, leaving minor children, children took mother's interest under Code 1907, § 4204.

2. HOMESTEAD ☞140—JOINT ESTATE—DEATH OF WIFE—HUSBAND'S INTEREST.

Where husband and wife owned homestead jointly, and wife died intestate leaving minor children, the husband did not take, by virtue of Code 1907, § 3765, a life estate in the wife's undivided half interest.

3. EXEMPTIONS ☞4—CONSTRUCTION OF STATUTES.

Exemption laws are founded in a spirit of humanity and benevolence, and are liberally construed, but not against obvious intention or manifest justice.

4. EXECUTORS AND ADMINISTRATORS ☞173 — EXEMPTION TO WIDOW AND MINORS—TITLE —STATUTE.

The exemption to widow and minors under Code 1896, § 2072, is absolute, and not a part of their distributive share of the estate and title thereto never vests in the personal representative.

5. HOMESTEAD ☞81—ESTATE IN FEE.

An estate in fee is not necessary to a right of homestead.

6. HOMESTEAD ☞87 — RIGHTS OF MARRIED WOMAN—DEFENSE TO ACTION.

A homestead may be situate on lands which constitute the statutory separate estate of a married woman.

7. HOMESTEAD ☞90 — SEPARATE PROPERTY — LIABILITIES—SUPPORT OF HOUSEHOLD.

If homestead is situate on lands constituting separate estate of married woman, she may assert a claim to it in defense of an action for subjection of lands to payment for articles of comfort and support of household.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Suit between Simon Barton and others and Rachel Laundry. From judgment for the latter, the former appeal. Affirmed.

W. L. Chenault, of Russellville, for appellants. J. Foy Guin, of Russellville, for appellee.

MAYFIELD, J. This appeal involves the question which of two statutes, sections 3765 and 4204 of the Code, is applicable to the case made by the bill. Appellants contend that section 3765 applies and controls, while appellee contends that section 4204 governs. Section 3765 provides that the husband, when the wife dies intestate, takes half the personalty absolutely, and the use of all the realty of the deceased spouse during his life. Section 4204 provides that the minor children of a deceased woman take the same estate and title and homestead rights in the property of the mother as the widow and minor children take in the estate of a deceased husband and father; the property and its character and value being alike in both cases.

[1, 2] In the case made by the bill the husband and wife owned the homestead jointly. The wife died intestate, leaving minor children and husband. The husband claims that by virtue of section 3765 he takes a life estate in the wife's undivided half interest in the homestead; while the minor children claim that they take the mother's interest by virtue of section 4204 of the Code. The trial court ruled in favor of the minor children, and the husband appeals.

We hold that the trial court ruled correctly. If the husband's contention be adopted, then section 4204 could never have application if the deceased mother left a husband; and hence this homestead statute would be entirely defeated in such cases. Both statutes may be applied; if the deceased mother leave lands other than the homestead, section 4204 to the homestead, and section 3765 to the residue. Section 4204 of the Code is a much later statute than section 3765. When section 4204 was first enacted (February 10, 1895), it evidently took from without the operation of section 3765 the homestead of the deceased mother and wife, but left a field for operation of both as to all the estate except the homestead. When the Codes of 1896 and 1907 were adopted, containing both, they were evidently adopted with the same scope, operation, and effect which they had before the adoption. This is in keeping with the construction which this court has always placed on exemption statutes, especially those in favor of infants or minors.

[3] Exemption laws are founded in a spirit of humanity and benevolence and are liberally construed. Enzor v. Hurt, 76 Ala. 595; Fearn v. Ward, 65 Ala. 33; Webb v. Edwards, 46 Ala. 17. They are not to be interpreted, however, against obvious intention or manifest justice. Fearn v. Ward, 65 Ala. 33.

[4] The exemption to widow and minors under section 2072 of the Code of 1896 is absolute, and is not a part of their distributive share of the estate, and the title thereto never vests in the personal representative.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Jackson v. Wilson, 117 Ala. 432, 23 South. 521.

[5] An estate in fee is not necessary to a right of homestead. Tyler v. Jewett, 82 Ala. 93, 2 South. 905.

[6, 7] The homestead may be situate on lands the statutory separate estate of a married woman, and if it be so situate she may assert a claim to it in defense of an action for the subjection of the lands to payment for articles of comfort and support of the household. Bender v. Meyer, 55 Ala. 576; Weiner v. Sterling, 61 Ala. 98.

The decision of this court in the case of Quinn v. Campbell, 126 Ala. 280, 28 South. 676, is conclusive. That was the first decision to construe section 4204 of the Code, and it was there said:

"It is apparent from a casual reading of the language of the act above quoted that there is nothing which supports the contention that a minor child whose mother dies leaving a husband is not within its provisions so as to enjoy the benefits conferred by it, and that only those children whose mothers are widows at the time of her death are included. Such a construction would not only do violence to the plain words used, but would in a measure strike down the spirit and policy of the enactment.

"Nor is there any merit in the proposition that the infant acquired no title to the land in controversy, because it was not set apart and appraised in a proceeding instituted for that purpose. This land being the homestead of the mother, and being all the land owned by her at the time of her death, and its value not exceeding $500, no proceeding was necessary to have it set apart and appraised. 'The law intervenes in such cases and attaches the right of exemption as absolutely as if the particular property had been selected, set apart and declared exempt.' Jackson v. Wilson, 117 Ala. 432, 23 South. 521; Garland v. Bostick, 118 Ala. 209, 23 South. 698."

It follows that the husband's demurrer to the bill of the children asserting their claim is not well taken, and that the trial court properly overruled the demurrer.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.