(131 So. 561)

## LITTLE et al. v. SIMMONS.
### 4 Div. 499.

Supreme Court of Alabama.

Dec. 18, 1930.

A. Whaley, of Andalusia, for appellants.

C. B. Fuller and B. W. Simmons, both of Opp, for appellee.

GARDNER, J.

The appeal is from a decree overruling demurrer to the amended bill.

Complainant seeks a sale of the land described in the bill for division among tenants in common. The amended bill discloses complainant derives title to an one-half interest in the land by conveyance from Charlie Dillard, a son of Ida Stuckey Dillard, who died in 1914 owning the same and in possession thereof as her homestead. Ida Stuckey Dillard owned no other land than said homestead

upon which she was actually residing at the time of her death, and which was of less value and area than the exemptions allowed under the laws of Alabama. The said Ida Stuckey Dillard left surviving her two minor children, Nora and Charlie Dillard, both now of age, the former a party to this suit under the name of Nora Little. She left no other heirs. Her husband, H. M. Dillard, survived her and has remained upon the lands, and is made a party to this bill under the averment that he is now in possession claiming a life estate therein. It further appears there has never been any administration upon the estate of said Ida Stuckey Dillard, nor have the lands ever been set aside as exempt by any court.

Ida Stuckey Dillard having died in 1914, the provisions of the Code of 1907 apply and govern the matter of descent. The surviving husband, H. M. Dillard, insists that he holds a life estate in the land by curtsey under section 3765 of the Code of 1907, and that of consequence a sale of the land for division among tenants in common cannot be maintained. Fies v. Rosser, 162 Ala. 504, 50 So. 287, 136 Am. St. Rep. 57. But this insistence overlooks the character of the property as a homestead and that the only heirs of Ida Stuckey Dillard were these two minors. This insistence also overlooks the provisions of sections 4198 and 4204 of the Code of 1907, which are of controlling influence under the facts averred.

The case of Quinn v. Campbell, 126 Ala. 280, 28 So. 676, dealt with a like situation under sections 2077 and 2071 of the Code of 1896, and it was held under similar facts, as here disclosed, that the title vested absolutely in the minor child without the homestead being set apart and appraised in a proceeding instituted for that purpose. Section 2077, Code of 1896, was carried forward and became section 4204, Code of 1907, without change. Section 2071, Code of 1896, became section 4198 of the Code of 1907. A material change was made in the latter section by requiring judicial proceedings as a condition precedent to the vesting of the absolute title in the minors as against the other heirs. But as to the creditors of decedent the title to the homestead shall be presumed to be absolute until judicial proceedings determine otherwise. It therefore appears that as to creditors of decedent the rule of Quinn v. Campbell, supra, still obtains. Such was the holding in Miles v. Lee, 180 Ala. 439, 61 So. 915, and in Keenum v. Dodson, 212 Ala. 146, 102 So. 230. It was also held in Barton v. Laundry, 202 Ala. 10, 79 So. 308, that section 3765, Code of 1907, upon which the surviving husband relies for a life estate interest in such homestead exempt to the minor children under section 4204, Code of 1907, is without application; the court saying: "When section 4204 was first enacted (February 10, 1895) it evidently took from without the operation of section 3765 the homestead of the deceased mother and wife, but left a field for operation of both as to all the estate except the homestead." The case of Williams v. Massie, 212 Ala. 389, 102 So. 611, is to like effect.

Speaking to the change in the statute as carried forward in section 4198, Code of 1907, this court in Keenum v. Dodson, supra, said: "The amendment, as added to section 4198 of the Code, 1907, makes no change in the vesture of the homestead in the widow and minor children as against creditors or purchasers, but simply provides that in order for the title to vest absolutely, that is, in the widow and minor children left by the decedent as against the adult heirs, the same must be set apart."

We think it clear that the words "the other heirs of decedent," used in said section 4198 in reference to necessity for having the homestead set aside, are not to be properly construed as including the surviving husband in the light of the language of the statute and the decisions construing the same. See 2 Words and Phrases, Second Series, 855; Golder v. Golder, 95 Me. 259, 49 A. 1050; 18 C. J. 822.

Under the averments of the amended bill, therefore, the change in the statute as found in section 4198 of the Code of 1907 is without effect upon the title acquired by the two minor heirs of Ida Stuckey Dillard, as there were no other heirs and therefore no requirement for judicial proceedings—no occasion arising therefor.

The interpretation of the statutes in Quinn v. Campbell, supra, subsequently approved by decisions of this court as well as legislative re-enactment, is therefore controlling here, and thereunder it must be held the amended bill shows that the title to the homestead vested absolutely in the two minors, to the exclusion of any interest of H. M. Dillard, the surviving husband of the decedent.

The suggestion that there has been a complete change of parties is not well taken. Nora Little was a party defendant to the original bill and remained a party defendant in the bill as amended. The amended bill and footnote thereto was filed well within the time allowed by the court in its order, and there is no merit in this insistence.

It results as our conclusion that the decree overruling the demurrer to the bill is correct, and will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.