133 So.2d 50

Elizabeth H. GEOHEGAN

v.

Mary Louise GEOHEGAN, Executrix.

6 Div. 255.

Supreme Court of Alabama.

Sept. 14, 1961.

Higgins, Windham, Perdue & Johnson, Birmingham, for appellant.

Henry B. Welch, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from an order and judgment of the Probate Court of Jefferson County, Alabama, denying the petition filed by Elizabeth H. Geohegan, the widow of Leslie E. Geohegan, deceased, under the provisions of Sec. 662, Title 7, Code of Alabama 1940, for exemptions in lieu of homestead.

The case was submitted to the court below on an agreed statement of facts, which may be summarized as follows:

Leslie E. Geohegan, a resident of Birmingham, Alabama, died testate in Jeffer-

son County, Alabama, on January 2, 1956. He left surviving him his widow and four daughters, all of whom were over twenty-one years of age, and who together constitute all the heirs at law and distributees of his estate.

In due course, the last will and testament of said decedent was admitted to probate in the Probate Court of Jefferson County and letters testamentary thereon issued to the executrix named therein. The said executrix qualified as such, and proceeded with the execution of the will.

On May 4, 1956, the widow filed in the Probate Court her election to receive the dower and distributive share of said estate which she would be entitled to receive had said decedent died intestate.

On March 11, 1957, while the administration of said estate was still pending in said probate court and before final distribution of the assets of the estate had been made, the widow filed her petition to have $6,000 in cash, out of the assets of the estate in the hands of the executrix, set aside to her as an exemption in lieu of homestead.

At the time of his death, said Leslie E. Geohegan owned no real estate, or interest therein, whatsoever. He had no homestead which was exempt to him from levy and sale under process, and had no other real estate, or interest therein, out of which an exempt homestead could be carved; nor did he own any real estate, or interest therein, which could be sold, and an allowance in lieu of homestead be set aside to the widow out of the proceeds of such sale.

The widow did not receive or obtain any benefit of a homestead exemption under Sec. 654, Title 7, Code 1940, nor had any homestead or exemption in lieu of homestead been set aside to the widow out of the assets of the estate.

All debts of the decedent had been paid in full, and the executrix had in her hands cash belonging to the estate in excess of the sum of $6,000.

The Probate Court of Jefferson County denied the widow's petition and she appealed.

Appellant relies on that portion of Sec. 662, Title 7, Code 1940, which reads as follows:

"* * * And in no case, and under no circumstances, shall the widow and the minor children, or either of them, be deprived of *homestead or six thousand dollars in lieu thereof*, if they or either of them apply therefor in manner as herein provided before final distribution of the decedent's estate. * * *" (Emphasis supplied.)

The appeal presents one question only: Can exemptions in lieu of homestead be carved out of personalty when the decedent died leaving no real estate nor interest in real estate?

It was said by Stone, J., in Miller v. Marx, 55 Ala. 322:

"Exemptions proper, like many other subjects that have grown into a fixed policy, had a small beginning. The first statute was enacted on the 12th January, 1833. It was confined to a few chattels, of agricultural and family necessity. On the 14th February, 1843, a few articles were added to the list.— See Clay's Dig. 210, § 47. On the next day, February 15, 1843, the act 'to exempt real estate, not exceeding forty acres, from execution upon contracts hereinafter made,' was passed.—See Pamph. Acts, 73. The further and continuous growth of the system is found in sections 2880 to 2884 of the Revised Code of 1867. It was made a part of the permanent, organic law of the land, by the constitution of 1868; and is retained and preserved in the constitution of 1875."

From its inception, homestead exemptions dealt specifically with real estate; its purpose was to provide the family with home and shelter free from creditors. These early exemption laws were construed,

in the absence of legislative action, to exempt only land or real property, and then only when it was endowed with homestead characteristics, being of a set acreage and value and occupied as such. And when the decedent owned real property which did not meet the limitation required and could not be reduced within said limitation, or if the land was not occupied as a homestead, then no exemptions could be allowed to the widow or children, although the decedent had substantial real property. Miller v. Marx, supra. This is not the law now. It has been changed

The legislature provided that where the decedent had a homestead exceeding the limitation or other real property not occupied as a home, the exemptioner could sell the homestead and claim a certain amount of the proceeds, or sell other real estate not used as the homestead and not capable of being so used. Such was the purpose of Sec. 662, Tit. 7, Code 1940. We are of the opinion that the legislature never intended to allow the widow and the minor children to take money or personal property out of the estate and claim it as a homestead exemption. A homestead exemption is a real property exemption and not a personal property exemption. The fact that the legislature has provided a cash exemption in lieu of homestead does not change the character of Sec. 662, supra, as a real property exemption. It was held in the case of Roy v. Roy, 233 Ala. 440, 172 So. 253, that for the purpose of homestead exemption the proceeds from the sale of real estate retain the character of real estate. We think it is clear that the $6,000 in lieu of homestead cannot be said to be a personal property exemption.

In Chamboredon v. Fayet, 176 Ala. 211, 57 So. 845, this Court held that under the statute exempting personal property in the amount of $1,000, such exemption could not be carved out of real property. See also Quicksey v. Hall, 260 Ala. 162, 69 So.2d 698. It was also said in Chamboredon v. Fayet, supra, in speaking to that portion of Sec. 4197, Code 1907 (now Sec. 662), which provides that "in no case, and under no circumstances, shall the widow and minor children, or either of them, be deprived of homestead or two thousand dollars in lieu thereof, * * *":

"* * * The pertinent language to be found at the conclusion of section 4197 of the Code has been quoted. We do not construe it to mean that an exemption in lieu of homestead may in any case be carved out of personalty or the proceeds of personalty. That has never been the law or policy of this state, and the language of the statutes, including section 4197 itself, at various places excludes the idea. And we may concede that it was not intended to uproot the statutory rule, long construed and established in the decisions of this court, that an application for exemption in lieu of homestead comes too late if deferred until the real property of the estate has been sold under the order of the court for the payment of debts or for distribution. There may be also substantial grounds for appellees' notion that the final distribution of which the statute speaks is a distribution of all the realty, out of which only can an exemption in lieu of homestead be carved, although it be decreed in advance of a final settlement of the estate. And, in short, the last clause of the section may be nothing more than a legislative declaration of the law as it was before the amendment of 1903." [176 Ala. 211, 57 So. 847]

It is clear enough from the foregoing that a $1,000 personal property exemption (Sec. 665) allowed the widow or children is to be taken out of personal property only, and that the $6,000 in lieu of homestead is to be taken out of real property or from the proceeds of the sale of real property only. This is more clearly shown by a look at the wording of Sec. 662, which states how the $6,000 in lieu of homestead is to be obtained:

"* * * and if such decedent at the time of his death has no homestead exempt to him from levy and sale under process, and has no other real estate out of which an exempt homestead can be carved, the widow and minor children, or either of them, may, by petition in the probate court or by bill in equity, have the homestead or any other real estate owned by the decedent at the time of his death sold, and six thousand dollars of the purchase money therefor applied by the court in accordance with the provisions of section 687; provided such petition or bill in equity is filed before a final distribution of the assets of decedent's estate has been made. * * *"

The statute plainly says that the homestead or other real estate is to be sold to acquire the $6,000 and it makes no mention of having the personalty sold to obtain the $6,000. Also, Sec. 662 provides that the exemptioner is to proceed in accordance with Sec. 687 of the same title.

Sec. 687 of Title 7, is entitled "Sale of land for allotment of homestead; proof of application; order of sale," and provides:

"* * * Said homestead must be sold on such terms as the court may direct, * * *."

Here again, there is no mention of personal property.

The construction insisted upon by appellant would make portions of Sec. 662 inconsistent and contrary to other parts of the same section, and also to other statutes governing homestead. How could an exemptioner acting under Sec. 662 sell stocks and securities, jewelry, and other items of personal property to obtain $6,000 and still stay within the wording of Sec. 687 which provides that the "homestead" must be sold, or be within the wording of Sec. 662, which states:

"* * * have the homestead or any other real estate owned by the decedent at the time of his death sold, and six thousand dollars of the purchase money therefor applied by the court in accordance with the provisions of section 687; * * *"?

It is clear enough that the $6,000 in lieu of a homestead is to be derived from the sale of the homestead or other real estate owned by deceased.

We have read the cases cited by the appellant and are of the opinion that they in no way conflict with what has been said above. We, therefore, hold that the $6,000 allowed in lieu of homestead must be carved out of real property, and that it cannot be carved out of personal property of the decedent's estate. That was the holding of the court below, and the cause is due to be, and is, affirmed.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.