139 So.2d 115

**Ora HARROD et al.**

**v.**

**Gertrude M. FARMER.**

**3 Div. 917.**

Supreme Court of Alabama.

Feb. 1, 1962.

Rehearing Denied March 29, 1962.

H. T. Fitzpatrick, Jr., Montgomery, for appellants.

Hill, Hill, Stovall & Carter, Montgomery, for appellee.

SIMPSON, Justice.

This is an appeal from a decree overruling the demurrer of appellants (next of kin) to the petition of appellee (as widow) to set aside as her homestead land of her deceased husband in fee simple without limit as to value.

Rufus Farmer, a resident of Montgomery County, died intestate October 21, 1956. Gertrude M. Farmer, his widow, was duly appointed administratrix of the estate by decree of the Probate Court of the County. Thereafter, upon petition of the administratrix, administration of the estate was removed from the Probate Court to the Circuit Court, In Equity. After removal, appellee filed her petition to set aside homestead to her.

The petition alleges that at the time of his death decedent owned and occupied as his homestead the tract of land described in the petition being less in area than 160 acres (approximately 5 acres) and constituting all of the real estate owned by decedent at the time of his death. The petition further alleges that decedent left no children or descendants of deceased children and was not survived by either parent, and his sole and only heirs at law and next of kin are his widow, the petitioner-appellee, and two sisters, the respondents and appellants. It is further alleged that petitioner, after exhausting other assets, paid out of her own funds the remaining indebtedness owing by decedent at the time of his death, and that there are no outstanding debts owing by decedent. The prayer of the petition is that notice issue to appellants as heirs at law of decedent, and that on the hearing of the cause the court will judicially determine that the real estate described is all the real estate owned by decedent at the time of his death and is exempt to petitioner, the widow, as her homestead and will order and decree that the property has vested in petitioner in fee simple.

The proposition appellants advance as the single question involved is: "Does the homestead of a childless, Alabama resident,

dying intestate after September 19, 1953, vest in the widow absolutely, in fee simple, if it does not exceed 160 acres in size and if all debts of the estate are paid, even though said homestead exceeds the sum of $6,000.00 in value?" Appellants say that under the law of this State it does not, but that the widow may have only a life estate. Appellee contends that the widow is entitled to the property in fee by virtue of §§ 661 and 663, Title 7 of the Code as amended.

The effect of § 661 as last amended was to increase the value of the homestead from two thousand to six thousand dollars, to delete the provision for absolute vesting of title of the homestead in the widow and minor children where the estate is insolvent, and to add the following sentence:

"Except when the homestead is devised by will it shall vest in the widow and the minor children for the life of the widow or the minority of the children whichever may last terminate, without limit as to value, if there are no debts, or if the remainder of the estate is sufficient to pay all debts and claims against the estate, or if the remainder of the estate is insufficient to pay all claims against the estate and if the widow or minor children shall pay the remaining unsatisfied claims. In no case, however, shall the homestead exceed 160 acres in area."

Section 663, Title 7 of the 1940 Code was repealed by the Act of 1951, but was amended and reenacted in 1953 (Acts 1953, p. 1128). That statute now reads:

"When all real estate of decedent set apart as homestead, title vests absolutely.—When the homestead set apart to the widow and minor children, or either, constitutes all the real estate owned in this state by the decedent at the time of his death, whether there be administration on the estate or not and whether the estate be solvent or insolvent, *the title to such homestead vests absolutely in the widow*, the chil-

dren (minors and adults) and the descendants of deceased children; or if there be no widow, in the children (minors and adults) and the descendants of deceased children; and if there be no children or descendants of deceased children, in the widow. Provided that when there are children and a widow the homestead so vested shall not be sold for division during the life of the widow and the minority of the child or children, without the consent of the widow and the legally appointed representative of the minor children. And provided further that when the homestead is so vested and there are a widow and minor children the widow and minor children shall be entitled to the exclusive possession of such real property for the life of the widow and the minority of the children; where there are both minor and adult children the minor children shall be entitled to the exclusive possession of such real property during their minority; and where there is a widow but no minor children such widow shall be entitled to the exclusive possession of such property during her life. As against creditors of decedent the title to the homestead will be presumed to be absolute until it is judicially determined that it is not all of the real estate left by the decedent, and that it is of greater value than six thousand dollars, and the homestead secured thereby shall be held and governed as in section 661 of this title." (Emphasis supplied.)

Appellants' contention is that the above quoted provision of § 661 did no more than grant a life estate in the widow and could not be made the basis for a fee simple title. The reasoning is thus summed up in the brief: "In 1951, when section 661 as it now exists was enacted, former section 663 was simultaneously repealed. Besides raising the exemption from $2,000.00 to $6,000.-00 in value, the 1951 act deleted all provisions for the absolute vesting of the homestead in the widow, but provided her instead

with a lifetime interest in the property under the particular circumstances of the instant case, without limit as to value. See Ganus v. Sullivan, supra (267 Ala. 16, 90 So.2d 204); Mitchell v. Mitchell, 258 Ala. 572, 64 So.2d 104, which comment on these 1951 Code changes. Thus, when the value limit was removed, and in effect substituted for absolute vesting, absolute vesting was abolished, and no longer existed."

With this contention we cannot agree. Nor is it in any wise sustained by the authorities cited. In the first place, it concentrates upon the *widow* and makes no mention of minor children. Whatever right or title is vested is, by the terms of the statute, vested in "the widow *and* minor children" or "the widow *or* minor children". If "absolute vesting was abolished" as to the widow, it was likewise abolished as to minor children. In the second place the statement made by us in the Mitchell case, to the effect that one of the changes sought to be made by the legislature in amending the statutes relating to homestead exemptions was "to delete all provisions for the absolute vesting of title in a homestead in the widow and *minor* children", is mistakenly lifted out of context and made to refer directly to the amended version of § 661. In the Mitchell case we were dealing primarily with § 697 as amended by the 1951 Act. We said: "But the 1951 amendatory act, supra, does not affect § 697, Title 7, Code 1940, alone but repeals some sections of the Code relating to homestead exemptions and amends a number of other sections". One section so amended was § 661, in that feature which provided for absolute vesting in the minor children of the homestead where the estate was insolvent. Section 663 had been repealed and had not then been reenacted. Later in the opinion is the statement with reference to deletion of provisions for absolute vesting in the widow and minor children. It is significant that in the opinion the word "minor" is italicized. The opinion then proceeds to the conclusion that the real purpose of total amendment of these homestead laws was to provide for vesting of absolute title in the *adult* children along with the minor children. The subsequent reenactment and amendment of § 663, we think, fortifies this interpretation of the amended statutes in the Mitchell case, for by the amendment of said § 663, the legislature specifically provided for absolute vesting of the homestead "in the widow, the children (minors and adults) and the descendents of deceased children". It is significant that in reenacting § 663 the reference to absolute vesting of the homestead "as against other heirs" was eliminated.

There are some expressions in our recent decisions especially Ganus v. Sullivan, supra, and Tipton v. Tipton, 268 Ala. 497, 108 So.2d 348 which appellants regard as declarations that the widow may take only life estate in a homestead exceeding in value $6,000.00. In each of these cases we said that under § 661, as amended, a homestead without limit as to value vested in the widow and minor children for the life of the widow or minority of the children. In neither case was absolute title involved. In no case does § 661, standing alone, provide anything more than a homestead for life. It is, and has been, necessary to resort to other sections in the homestead law to have vested the absolute title in either the widow or children. Presently it is § 663 that provides "when all real estate of decedent set apart as homestead, title vests absolutely". In the above two cases § 663 was not considered or in anywise applied.

We have examined with care other cases cited and relied upon by appellant. It would serve no useful purpose to distinguish each of them separately from the case at bar. The distinguishing features in all of these clearly appear.

 As we pointed out in our recent case of Durham v. Mims, 269 Ala. 477, 114 So.2d 245 (in which case we went somewhat into the history of the legislation) the homestead statute confers no right upon decedent's collateral heirs, grants to them no exemption, nor vests in them any title to

**302**

decedent's homestead property. Whatever title such heirs have or may have, in the absence of a will, arises out of and depends upon the statute of descent and distribution.—Code, Title 16, § 1. Provision has been consistently made in the homestead statute whereby the interests of collateral heirs may be protected, such as notice and opportunity to appear and be heard in proceedings to set aside homesteads. We have said that the only grounds given "other heirs" of decedent on which they may contest exemptioners' right to have homestead set apart are that it exceeded the amount and value of the exemption allowed and was not all the real estate owned by decedent at the time of his death. Obviously, however, the right of contest on the part of such heirs could arise only where there are no children or descendants of deceased children of the homestead owner, and could arise only as against the widow, the only other homestead exemptioner, this for the reason that collateral heirs, such as brothers and sisters, are by the descent statute subordinated, in order of inheritance, to children and descendants of deceased children of the decedent. The result has been that the widow, except to a very limited extent, has been placed in a position inferior to that of the collateral heirs named in the descent statute. The effect of the amendments of §§ 661 and 663 is to place the widow in a more advantageous position than she had previously occupied, enabling her not only to occupy but to obtain title to the homestead of her deceased husband unlimited as to value, yet limited to 160 acres in area, where there are no debts of the estate or they have been paid by her. We are unable to say that this effect was not intentional on the part of the legislature in amending the statute.

While not applicable to the case at bar (the appeal from the decree overruling demurrer to the bill having been taken prior to September 15, 1961), we think it might be helpful to the bench and bar to call attention to Act No. 72, passed at the recent special session of the legislature and approved by the Governor on the above date, abolishing appeals from *interlocutory* decrees on demurrer to bills in equity and cross-bills.

In view of the conclusions herein reached and stated, it results as our judgment that the decree appealed from is due to be affirmed. So ordered.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.