231 So.2d 301

Edna Womack McCARVER et al.

v.

Dorothy Allison WOMACK, and Dorothy Allison Womack, as Administratrix, etc.

8 Div. 327.

Supreme Court of Alabama.

Jan. 29, 1970.

Weeks & Weeks, Scottsboro, for appellants.

Dawson, McGinty & Livingston, Scottsboro, for appellee.

SIMPSON, Justice.

Mrs. Womack, the appellee, is the widow of, and administratrix of the estate of, Aubrey Womack, who died intestate on June 6, 1963.

At the time of his death Mr. Womack owned 139 acres of land in Jackson County, in one tract, and an additional 85-acre tract upon which is situated the home in which he and his wife lived. At the time of his death there was a mortgage outstanding on all of the property owned by the decedent which had a balance owing of approximately $9,000. Other debts of the estate amounted to more than $1,200.

The appellants are the brothers and sisters of Mr. Womack, and the children of a deceased brother.

As administratrix of the estate, Mrs. Womack filed a petition to sell the 139-acre tract for the payment of debts owed by the estate and further petitioned the court to set aside the 85-acre tract as her homestead. The court ordered the sale of the 139-acre tract, and set aside the 85-acre tract upon which the home was situated, as the widow's homestead. Without outlining the procedural steps taken, it is sufficient for an understanding of the point raised here to state that it is this action which the appellants complain of. The gist of their argument is that the court erred in authorizing the administratrix to sell the 139-acre tract to pay the debts of the estate, "without first determining the value of the homestead lands and what the value thereof bears to all of the lands owned by decedent and to the mortgage indebtedness due * * *, and decreeing what portion of said indebtedness the homestead lands should bear, rather than authorizing the administratrix to pay from the proceeds of sale of Tract No. 1 [the 139-acre tract] the balance of the mortgage debt resting upon both tracts, and thereby enlarge or increase the value of the homestead to the exclusion of the heirs and next of kin * * *."

The question raised is whether the homestead property must bear any portion of the indebtedness owed by the estate or whether such indebtedness was properly paid out of property other than the homestead property.

This question has been answered in Ganus v. Sullivan, 267 Ala. 16, 99 So.2d 204, where it was held that the meaning of Title 7, § 661, Code, was that:

"* * * the widow and minor children of a decedent should have a life interest in the homestead of a decedent without limit as to value, when the homestead did not exceed 160 acres in area and where there were no debts, *or if there were debts or claims, they were satisfied from sources other than the homestead.*" (Emphasis added.)

That case further held that the intent of the legislature in providing for the homestead exemption was to provide for the widow and minor children of a decedent, with a life estate in the homestead without limit as to value "* * * so long as there were no debts, or they were paid, and so long as the area did not exceed 160 acres".

Here the homestead consists of 85 acres, the debts were paid out of other property of the estate, which was permissible under our statute, and as previously construed the statute places no limit on the value of the homestead under such circumstances.

The trial court properly allowed the sale of property other than the homestead for the payment of the debts of the estate and was under no duty to determine the value of the homestead under the circumstances.

Affirmed.

LIVINGSTON, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.