320 So.2d 642

**Mildred Doris MORDECAI and Charles E. Mordecai**

v.

**Mattie O. SCOTT.**

**SC 1145.**

Supreme Court of Alabama.

Oct. 2, 1975.

R. B. Jones, Birmingham, for appellants.

**628**

Church & Trussell, Pell City, for appellee.

HEFLIN, Chief Justice.

This case arose out of a dispute as to the interest in a homestead granted to a widow and an adult child through a homestead law proceeding. Appeal is taken from the holding of the trial court granting appellee Mattie O. Scott and appellant Mildred Doris Mordecai each an undivided one-half interest in the disputed property with a right to the widow-appellee Mattie O. Scott of exclusive possession of the property for her life.

Appellee Mattie O. Scott is the widow of J. H. Scott who died intestate in 1958 owning a homestead not exceeding 160 acres in area. Appellant Mildred Doris Mordecai is the daughter of the complainant-appellee and the decedent and was over the age of 21 years at the time of decedent's death. Husband, Charles E. Mordecai, joins his wife as an appellant.

The trial court found that the homestead real estate was all of the real property that J. H. Scott owned in the State of Alabama and that it exceeded $6000.00 in value. The trial court further found that Scott's estate owed no debts.

Because the real property was valued at more than $6000.00, the appellants argue that appellee was entitled only to a life estate in the property as provided by Title 7, Section 661, Code of Alabama, 1940 (Recompiled 1958). It is apparent that the trial court construed the second sentence[1]

---

1. The second sentence of Section 661 of Title 7 reads:

Except when the homestead is devised by will it shall vest in the widow and the minor children for the life of the widow or the minority of the children whichever may last terminate, without limit as to value, if there are no debts, or if the remainder of the estate is sufficient to pay all debts and claims against the estate, or if the remainder of the

of Section 661 of Title 7 with Section 663[2] of the same title in reaching a different result from the contention of the appellants.

Under the facts of this case, the issue before this court is whether the trial court was correct in vesting an absolute fee simple interest in the widow and adult child, irrespective of the value of the property involved. This court holds that the trial court was correct in its decision.

Homestead has historically been a confused and confusing area of the law, which has presented difficulties to both the bench and bar. The most litigated aspect of homestead law has been the nature and value of the interest to be granted survivors under the Alabama statutes. The confusion surrounding this problem has been compounded because of the changes made in several of the statutes by the legislature in 1951 and 1953. In light of these changes, a review of the present state of the law of homestead pertinent to the rights of survivors seems appropriate before turning to the issue presented by this case.[3]

Two principles must be kept in mind when determining the homestead rights of survivors: (1) Survivors receive no benefit unless the decedent owned real estate, *Geohegan v. Geohegan,* 272 Ala. 514, 133 So.2d 50 (1961); and (2) statutes in effect at the decedent's death control what estate the survivors will receive. *Nix v. McCoy,* 280 Ala. 516, 195 So.2d 893 (1967).

In general, the homestead law provides to named survivors a homestead not exceeding 160 acres in area which is exempt from administration and the payment of debts. Title 7, Sections 661, 663, 697, Code of Alabama, 1940 (Recompiled 1958). Although the term "homestead" is not defined in the statute, this court has stated that "[a] homestead, in law, means a home place, or place of the home, and is designed as a shelter of the homestead roof, and not as a mere investment in real estate, or the rents and profits derived therefrom." *Griffin v. Ayers,* 231 Ala. 493, 496, 165 So. 593, 595 (1936). It has been further defined as "the roof that shel-

---

estate is insufficient to pay all claims against the estate and if the widow or minor children shall pay the remaining unsatisfied claims.

2. Title 7, Section 663 reads:
When the homestead set apart to the widow and minor children, or either, constitutes all the real estate owned in this state by the decedent at the time of his death, whether there be administration on the estate or not and whether the estate be solvent or insolvent, the title to such homestead vests absolutely in the widow, the children (minors and adults) and the descendants of deceased children; or if there be no widow, in the children (minors and adults) and the descendants of deceased children; and if there be no children or descendants of deceased children, in the widow. Provided that when there are children and a widow the homestead so vested shall not be sold for division during the life of the widow and the minority of the child or children, without the consent of the widow and the legally appointed representative of the minor children. And provided further that when the homestead is so vested and there are a widow and minor children the widow and minor children shall be entitled to the ex-

clusive possession of such real property for the life of the widow and the minority of the children; where there are both minor and adult children the minor children shall be entitled to the exclusive possession of such real property during their minority; and where there is a widow but no minor children such widow shall be entitled to the exclusive possession of such property during her life. As against creditors of decedent the title to the homestead will be presumed to be absolute until it is judicially determined that it is not all of the real estate left by the decedent, and that it is of greater value than six thousand dollars, and the homestead secured thereby shall be held and governed as in section 661 of this title.

3. For a treatment of the entire subject of survivors' homestead rights, see Comment, Homestead for Survivors in Alabama, to be published in 27 Ala.L.Rev. —— (1975). Appreciation is extended to the staff of the Alabama Law Review and to Joe Dean, Jr., the author of this article, for allowing the court to refer to the manuscript prior to its publication.

ters and the land used in connection therewith for the comfort and sustenance of the family * * * *" *Moseley v. Neville,* 221 Ala. 429, 431, 129 So. 12, 14 (1930), quoted in *Griffin v. Ayers, supra.* Normally the land must have been occupied by decedent prior to his death. *Turner v. Turner,* 107 Ala. 465, 18 So. 210 (1895). Contiguous real estate used for rental or commercial purposes and not used by the homeowner or his family is not within the "homestead." *Griffin v. Ayers, supra; Turner v. Turner, supra.* But see *Cade v. Graffo,* 227 Ala. 11, 148 So. 591 (1933), where contiguous property rented to others was determined to be part of the homestead because it was also used by the owner in connection with the homeplace.

■ Although the purpose of the homestead law is to secure the protection of the home to the survivors, it is not necessary that the widow and minor children actually occupy the homestead prior to decedent's death. See *Hammond v. Shipp,* 292 Ala. 113, 119, 289 So.2d 802, 807 (1974); *Thompson v. Bryant,* 251 Ala. 566, 38 So.2d 590 (1949). The survivors need not be Alabama residents, *Lucky v. Roberts,* 211 Ala. 578, 100 So. 878 (1924), although the statute [Section 661] does require that the decedent reside in Alabama at the time of his death. *Matthews v. Matthews,* 249 Ala. 611, 32 So.2d 514 (1947).

If the decedent owned no homestead or if the homestead cannot be reduced to statutory value, the widow and minor children may receive an exemption in lieu of homestead in decedent's other lands. Title 7, Section 662, Code of Alabama, 1940 (Recompiled 1958). This same provision states that if decedent has no homestead exempt from levy and sale under process and if it is impossible to carve a homestead from the "other real estate," the survivors can receive $6,000.00 from the proceeds of the sale of decedent's real estate. See

*Geohegan v. Geohegan,* 272 Ala. 514, 133 So.2d 50 (1961). If the homestead is devised, the devisee can clear the property of the homestead rights by paying $6,000.00 to the personal representative. Title 7, Section 689, Code of Alabama, 1940 (Recompiled 1958). Section 687 provides that the money received under both Sections 662 and 689 is to be spent to purchase another homestead or to be paid to the widow, or the guardian of minor children if there is no widow, for the use and support of widow and/or minor children "upon such provisions, conditions or limitations as to the court shall seem proper in the premises." If the devisee does not wish to clear the property of homestead rights, the homestead can be set aside to the widow and/or minor children as provided in Section 661. Cf. *Jay v. Jay,* 289 Ala. 513, 518, 268 So.2d 788, 792 (1972).

■ Neither the surviving husband [4] nor collateral heirs have rights under the homestead laws. See Title 7, Section 669, Code of Alabama, 1940 (Recompiled 1958); *Little v. Simmons,* 222 Ala. 206, 131 So. 561 (1930) (rights of husband); *Harrod v. Farmer,* 273 Ala. 298, 139 So.2d 115 (1962) (rights of collateral heirs). The homestead rights of minor children in property left by their mother are superior to the rights granted to the husband by Title 16, Section 12 of the Code. See *Barton v. Laundry,* 202 Ala. 10, 79 So. 308 (1918).

■ When the homestead is not devised and there are no debts or the debts have been paid, the widow and minor children are allowed an exemption in the homestead without any value limitation under Section 661. See *McCarver v. Womack,* 285 Ala. 264, 231 So.2d 301 (1970); *Tipton v. Tipton,* 268 Ala. 497, 108 So.2d 348 (1959); *Ganus v. Sullivan,* 267 Ala. 16, 99 So.2d 204 (1957).

Section 663 provides that if the homestead set aside is all the real estate owned in this state by the decedent at the time of

---

4. See Comment listed in footnote 3, for author's argument that homestead rights should be extended to widowers.

his death then title vests absolutely in the widow, minor and adult children and the descendants of deceased children. See *Pryor v. Heard,* 268 Ala. 310, 106 So.2d 171 (1958).

This section has been construed to allow absolute vesting where decedent owned cemetery lots, *Sams v. Sams,* 242 Ala. 240, 5 So.2d 774 (1942), but absolute vesting was denied where decedent owned mineral rights in lands other than the homestead. *Locke v. Locke,* 291 Ala. 344, 280 So.2d 773 (1973).

■ There is no question that the survivors' interest becomes a fee interest, regardless of devise, if the property set aside is all the property owned by the deceased in the state at the time of his death, the value is $6,000.00 or less and the area does not exceed 160 acres. *Nathanson v. Key,* 286 Ala. 486, 487, 242 So.2d 389, 391 (1971); *Nix v. McCoy,* 280 Ala. 516, 195 So.2d 893 (1967).

The case presently before this court presents a situation where (1) the property is all the real estate which decedent owned within the state at the time of his death, (2) it does not exceed the area limitation, (3) but does exceed $6,000.00 in value, (4) no debts are owed by decedent's estate and (5) there is no devise of the property. The court must determine whether, under these facts, a homestead can be set apart which vests absolutely in the widow and adult child regardless of its value.

The statutes pertinent to this issue are Sections 661, 663, 694, and 697 of Title 7, Code of Alabama, 1940 (Recompiled 1958). This court has previously stated that these sections are to be construed together. *Simpson v. Simpson,* 254 Ala. 648, 49 So.2d 314 (1950). At least three of these sections underwent extensive revision in 1951 and 1953. Prior to these revisions, the Code provided for a homestead exemption for the life of the widow and minority of

the children of not exceeding $2,000.00 in value and 160 acres in area, which would vest absolutely if the estate was determined to be insolvent. Section 7918, Code of Alabama, 1923 (In the 1940 Code this appeared in Section 661 of Title 7.). Further, the homestead would also vest absolutely in the widow and minor children as against other heirs of decedent after a judicial determination that it was all the property owned by decedent at his death and was not valued at more than $2,000.00. Section 7920, Code of Alabama, 1923 (In the 1940 Code this appeared in Section 663 of Title 7.); *Taylor v. Dew,* 236 Ala. 624, 184 So. 184 (1938); *Sims v. Kitchens,* 233 Ala. 484, 172 So. 638 (1937). Title was presumed absolute as against creditors until it was judicially determined not to be all of the real estate owned by decedent at death and to be of greater value than $2,000.00. Section 7920, Code of Alabama, 1923 (In the 1940 Code this appeared in Section 663 of Title 7); *Sims v. Kitchens, supra.*

In 1951, the legislature revised Section 661 and Section 697, as well as other sections dealing with homestead laws, and repealed Section 663 of the 1940 Code. This court discussed the changes made by these revisions in the case of *Mitchell v. Mitchell,* 258 Ala. 572, 64 So.2d 104 (1953), where it was determined that the legislature meant by these changes (1) to raise the value of the homestead from $2,000.00 to $6,000.00 and (2) to provide that adult children would have an interest equal to those of the widow and minor children where the homestead vested absolutely.[5] This interpretation was approved and reinforced by the legislature in 1953 when the legislature reenacted and amended Section 663 and revised 697 by adding the parenthetical "minors and adults" after the word "children" in both sections. The reenacted version of Section 663 contained no provision requiring a judicial proceeding prior

5. See comment on the effect of the 1951 Act in an article entitled "Homestead Rights in Alabama Protecting Widows and Children" by Fred Blanton, 15 Alabama Lawyer 262, 275 (1954).

to vesting; it did provide homestead rights for the descendants of deceased children as well as for adult children.

In a case construing these revisions and their effect on Section 669, it was determined that adult children and their descendants have no homestead rights in their deceased mother's estate where the mother died leaving no surviving minor child. *Young v. Seale*, 266 Ala. 398, 96 So.2d 746 (1957). In *Seale*, the changes made in Section 663 were examined and it was found that

"[t]he scheme of the homestead exemption statutes, as amended, is still to require that there be either a surviving widow or minor child, in the case of the husband's or father's estate, and a minor child in the case of the mother's estate, in order for a homestead exemption to be set apart. It is only when there is such survivor or survivors that the adult children and descendants of children are entitled to any interest in a homestead exemption; and such interest comes into being only when the homestead set apart to the widow and minor children, or either, as the case may be, constitutes all the real estate owned in this state by the decedent at the time of his or her death. It seems to us that the legislative purpose was to place adult children on the same plane with the widow and minor children where there is an absolute vesting of title to the homestead set apart to them (subject, of course, to the life estate of the widow and the minor children's right to occupancy during their minority)."

The 1951 revision of Section 661 included for the first time a provision that a homestead of unlimited value would be set apart to the widow (for her lifetime) and minor children (for their minority) where there were no debts and where the property had not been devised. Appellants argue that the trial court erred by construing this provision of Section 661 with Section 663 to reach the result below. They argue that

the $6,000.00 value limitation of Section 661 is implicit in Section 663 and that, because the homestead here involved is of a greater value, Section 663 has no effect and appellee has a right to a life interest only. This court disagrees with appellants and finds that the trial court's conclusions are correct.

At least three previously decided cases have a bearing on the decision this court reaches today. One, *Harrod v. Farmer*, 273 Ala. 298, 139 So.2d 115 (1962), was decided on facts similar to those in the case before the court. In *Harrod*, decedent died intestate leaving property of less than 160 acres which was all the property he owned in the state and which was valued at more than $6,000.00. His estate owed no debts at the time the proceeding reviewed by the court was instituted to set aside the homestead to the surviving widow absolutely. A demurrer to the action was filed by decedent's next of kin (two sisters). The demurrer was overruled by the trial court and this decree was appealed. The issue, as addressed by this court, was whether "the homestead of a childless, Alabama resident, dying intestate after September 19, 1953, vest[s] in the widow absolutely, in fee simple, if it does not exceed 160 acres in size and if all debts of the estate are paid, even though said homestead exceeds the sum of $6,000.00 in value." 273 Ala. at 299–300, 139 So.2d at 116. This court answered affirmatively. In reaching its conclusion the court construed the second sentence of Section 661 with Section 663 in order to establish what homestead rights vested in the widow. The court noted that without provision for absolute vesting of the homestead, the widow is placed in a position inferior to that of decedent's collateral heirs named in the descent statutes—a position not faced by the children of decedent, who have priority in inheriting under Title 16, Section 1. The court further found that "[t]he effect of the amendments of §§ 661 and 663 is to place the widow in a more advantageous position than she had previously occupied, enabling her not only to occupy but to ob-

tain title to the homestead of her deceased husband unlimited as to value, yet limited to 160 acres in area, where there are no debts of the estate or they have been paid by her. We are unable to say that this effect was not intentional on the part of the legislature in amending the statute." 273 Ala. at 302, 139 So.2d at 118.

In *Harrod v. Farmer*, the parties challenging the widow's rights were collateral heirs, not adult children, as in the case presently before the court. Still, the decision of the court was that the second sentence of Section 661 was to be construed with Section 663 to provide for vesting of a homestead of unlimited value where necessary factual requirements were met. To that extent *Harrod* is direct precedent on the issue of value presented by this case.

The later case of *Nathanson v. Key*, 286 Ala. 486, 242 So.2d 389 (1971) may appear superficially to be in conflict with *Harrod*. In *Nathanson*, the issue was whether a probate court's decree setting aside a homestead was void for failing to find as a necessary jurisdictional fact that the property involved was all the property owned by decedent in the state. The court found that it was a necessary jurisdictional finding and voided the decree. The court stated, as dicta, that

> "[i]n a judicial proceeding to have the homestead set aside to the widow in fee, the court must find that the property (sought to be set aside as homestead) * * * did not exceed $6,000 in value and 160 acres in area."

286 Ala. at 487, 242 So.2d at 391. In a footnote, the court noted that *Harrod, supra*, had allowed the exemption without limit as to value. No indication was made that the court intended by its decision in *Nathanson* to overrule *Harrod*. It should be noted that in *Nathanson* the homestead was valued at less than $6,000.00. Thus the second sentence of Section 661 did not influence the decision in that case.

The reference to *Harrod* and to *Ganus v. Sullivan*, 267 Ala. 16, 99 So.2d 204

(1957), both of which involved construction of the second sentence of Section 661, without an indication of intention to overrule them, amounts to an acknowledgement by the court that it was aware that under other facts (i. e., land valued at more than $6,000.00, no devise and no debts owed) different jurisdictional findings would be required. Thus, *Nathanson* does not specifically address the issue before the court and does not preclude this court following *Harrod v. Farmer*.

The case of *Tyner v. Martin*, 290 Ala. 310, 276 So.2d 431 (1973) considers another aspect of the issues raised by Sections 661 and 663. In *Tyner*, decedent left a homestead of less than 160 acres which was found to be valued at more than $6,000.00. There were no debts owed by the estate, but decedent did leave a will which first provided that decedent's executors should "spend whatever amount is necessary" to provide for his wife and then provided that at her death whatever was left was to go to three named individuals. The widow, who was incompetent, dissented from the will through a guardian and further moved to have the homestead set apart to her. The trial court granted her a life estate in the property with provision that it should go to decedent's devisees at her death. When the widow died, her administratrix brought an action challenging the earlier decree on grounds that title to the homestead should have been vested absolutely in the widow, based, among other things, on the construction given the second sentence of Section 661 and Section 663 in *Harrod v. Farmer*. The court distinguished *Harrod* from the case before it on the basis that in the case before it the decedent had left a will. The court though treated *Harrod* as the law of Alabama in those cases where decedent died intestate, leaving no debts and where the property was less than 160 acres and was all the property owned in the state at the time of decedent's death. Further, it construed the second sentence of Section 661 with Section 663 in its determination of rights of the widow and other parties before it.

Thus, at least two cases previously decided by this court have construed Section 661, second sentence, with Section 663 to determine the interests of survivors under the latter statute. No decisions have been pointed out which require otherwise. The decision of the trial court holding that Mildred Doris Mordecai and Mattie O. Scott each have a one-half undivided interest with right to sole possession for life in appellee is due to be affirmed. This court finds that a homestead of unlimited value vests absolutely in the eligible survivors where the homestead is all the real estate owned by decedent in the state at his death, decedent's estate owes no debts and the property has not been devised, provided it doesn't exceed 160 acres.

Affirmed.

MERRILL, BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES and EMBRY, JJ., concur.