ALMON, Justice.
Mattie Davis petitioned the Circuit Court of DeKalb County to set apart her homestead interest in fee simple in land owned by her husband, Allen Davis, at his death. The appellants (respondents to Mattie Davis’s petition) are the collateral heirs of Allen Davis. The trial court found in favor of Mattie Davis and awarded her fee simple title to all the land owned by her husband at his death. We affirm.
Allen Davis died on April 26, 1956, owning a single 115 acre tract of land. The only debts owed by his estate consisted of a mortgage on the real estate which Mattie Davis paid shortly after her husband’s death. Finding that the homestead was all the real estate owned by Allen Davis at his death; that he died intestate; that the debts of his estate were paid, and that no children or descendants of children survived him, the court decreed that Mattie Davis was entitled to fee simple title to the property. Mordecai v. Scott, 294 Ala. 626, 320 So.2d 642 (1975); Harrod v. Farmer, 273 Ala. 298, 139 So.2d 115 (1962).
The first issue is whether the lower court erred in finding that the entire tract of land constituted the homestead.
“ ‘A homestead, in law, means a home place, or place of the home, and is designed as a shelter of the homestead roof, and not as a mere investment in real estate, or the rents and profits derived therefrom.’ 1 Wash. Real Property, 326.” Griffin v. Ayers, 231 Ala. 493, 496, 165 So. 593, 595 (1936).
The dwelling site is not the only object of protection. Appurtenant land is included in the home place if used for the actual benefit of the family. In Moseley v. Neville, 221 Ala. 429, 431, 129 So. 12, 14 (1930), the court stated the following about the protection afforded by the homestead statutes:
“The statute protects the roof that shelters and the land used in connection therewith for the comfort and sustenance of the family . . . ”
In regard to the appurtenant land, the home place includes land cultivated by the owner, used to obtain timber and firewood, and used for the pasturage of animals. Mullins v. Baker, 193 Ala. 594, 596, 69 So. 516 (1915).
Appellants claim that part of the 115 acres was rented to two individuals who lived in houses on the property and farmed part of the property. Such rental or commercial use of the property, appellants claim, precludes a finding that the entire tract constitutes the homestead.
There is sufficient evidence to sustain the trial court’s finding that the entire tract was used for the benefit of the family and constitutes the homestead. There was testimony that Allen and Mattie Davis lived on the property and Allen Davis farmed the land and cut firewood for family use from all parts of the land.
*545 In regard to the rental of part of the property to other persons, the evidence is not conclusive and presents a factual issue. Although it is not disputed that at some time before his death Allen Davis allowed two families to live on the property and till the soil, the evidence clearly shows that one family had moved at least two years before Allen Davis’ death. When the other family resided there, and whether they resided there at the time of Allen’s death, is not clear from the record.
In any event, it is important to note that the arrangement by which these persons tilled the land and their interest in the land, if any, is also uncertain. Testimony indicates that these persons “rented” the land on the “thirds and fourths.” This was a “share-cropping type of thing.” It was also described as a “joint venture.”
In Mullins v. Baker, supra, the court considered an almost identical issue, whether the relationship between the property owner and the tiller of the soil was of landlord-tenant or employer-employee. An employer-employee relationship would not prevent a finding that the property constituted part of the homestead. In reversing the trial court’s judgment the court remanded the cause as a factual issue for the jury’s decision, and stated:
“The ownership of crops after they are produced does not necessarily determine the relation as to the land between the landowner and the person whose labor produces the crop. The laborer may be an employee without interest, or he may be a tenant holding the land by definite tenure. To let one have the use of the land to make a single crop on shares, without more, is no lease of the land, and the parties thereby assume the relation of employer and employee, though they become tenants in common of the crops produced. Thompson v. Mawhinney, 17 Ala. 362, 52 Am.Dec. 176. ‘The relation of landlord and tenant may exist, notwithstanding the former is, by the terms of the contract, to receive a portion of the crop in payment. If the tenant take an interest in the soil, it is a lease, by whatever words made, and the payment of a specific portion of the crop is then simply a payment of the rent in kind.’ Smyth v. Tankersley, 20 Ala. 212, 56 Am.Dec. 193. The facts as to the nature of the contract between appellee and Mrs. Mims were not very fully or clearly developed. Ap-pellee’s testimony was not consistent throughout. We do not think it established as matter of law the fact that Mrs. Mims was an employee having no estate in the land. If the contract was one of hire, in which the laborer was to receive a part of the crop as compensation for her services, then the jury might have found that the remote tract was used as an appurtenance to the home place proper, and so was a part of the homestead; but if Mrs. Mims was let into occupancy, and had an exclusive right to the premises for the year, and was bound to the cultivation of the crops, one-half of which she was to pay as rent, then the property was hers for the time, was not used as an appurtenance for the appellee’s homestead, and was not exempt. This issue was for the jury.”
There is sufficient evidence to bring this case within the principles of Mullins v. Baker, supra, presenting a factual issue. Sitting as the jury the trial court decided in favor of Mattie Davis. We cannot say the finding is plainly and palpably erroneous.
Appellants raise another issue. In their words:
“The trial court committed further reversible error in refusing to allow testimony concerning an oral agreement between Mattie Davis and the heirs of Allen Davis in which Mattie Davis agreed to hold the property during her lifetime and to transfer the property at her death.”
Appellants assert the alleged oral agreement on appeal for the first time claiming that a fiduciary relationship existed between Mattie Davis and the heirs of Allen Davis in an attempt to bring the case under the influence of Lester v. Stroud, 212 Ala. 635, 103 So. 692 (1925). Appellants claim that they quitclaimed to Mattie Davis their *546 interest in the timber on the property in question so she could cut the timber and pay the outstanding mortgage on the property. Appellants believed that Mattie Davis would have a life interest in the property and at her death the property would go to the heirs of Allen Davis.
Appellee objected to testimony of an alleged oral agreement between Mattie Davis and the heirs of Allen Davis on the grounds that it violates the statute of frauds, violates the parole evidence rule, is irrelevant, incompetent, immaterial, and raises issues outside the pleadings. The trial court sustained most of appellee’s objections.
We fail to see the relevance of the alleged oral argument in a proceeding to set aside homestead. The appellants filed a general denial to appellee’s petition which puts in issue only the allegations of the petition. Moore’s Federal Practice, § 8-27[3],
If we understand appellants’ contentions correctly, they claim a trust on the land in their favor. Assuming such a trust can defeat petitioner’s claim of homestead, it is an affirmative defense which must be pleaded. ARCP 8(c). Otherwise, the oral agreement is a counterclaim which also must be pleaded unless tried by the express or implied permission of the parties. ARCP 15(b). The issue was not tried by consent. In addition, we note that appellants never made an offer of proof at trial to show the relevancy of the oral agreement and made no motion to amend the pleadings. See ARCP 15(b).
The judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.