This appeal involves an application of Alabama's homestead laws.
The trial court, interpreting Alabama's homestead law, set aside to decedent's common-law wife [Skipworth v. Skipworth,360 So.2d 975 (Ala. 1978)] a piece of property which was less than 160 acres in area, but was valued at more than $6,000. The trial court found that the property, a city lot on which were located improvements, was not the decedent's homestead; nevertheless, the trial judge set aside, in fee, the entire property to the surviving widow. The collateral heirs of the decedent, appellants here, claim that the trial court misapplied the law to the facts. We agree with their argument.
Many of the background facts are set out in the opinion on the prior appeal, Skipworth v. Skipworth, 360 So.2d 975 (Ala. 1978), but we set out a few in this opinion for a better understanding of the legal issue presented.
The evidence shows without question that when the decedent, Bill Skipworth, married Mary Burke, he owned and lived in the subject property on which he had claimed a homestead exemption. He and Mary lived there for a short time immediately after their marriage and ran a small shop in connection with the living quarters. They later moved to Mary's home at 604 Moulton Street in Decatur, where they lived for many years. Following this, they moved to a farm, also owned by Mary Burke, and they were living there at the time of Bill's death. Bill died intestate in October, 1976, without issue. His heirs at law, two brothers and two sisters (the appellants), contested Mary's petition to have the subject property set aside for her, in fee, as homestead property. The trial court heard all testimonyore tenus, and found as follows:
 "1. The petitioner has been judicially determined to be the widow of Bill Skipworth, the decedent.
 "2. The decedent was not survived by any children or children of deceased children.
 "3. The decedent at the time of his death owned the suit property which consisted of a store building and the lot in the city of Decatur. It was conceded that the property is less than 160 acres, but was worth more than $6,000.00.
"4. The decedent left no Last Will and Testament.
 "5. The decedent had, during a portion of his lifetime, maintained a homestead in a portion of the suit property. Although he continued to use it and sometimes referred to it as his home, he had abandoned it as his principal home and was living with the petitioner at another location at the time of his death. At the time of death, the suit property did not have the character of a homestead.
 "6. All the debts of the decedent's estate have been paid.
 "7. The suit property constituted all of the real estate owned by the decedent at the time of his death."
The trial court concluded that "[t]he petitioner is entitled to have the suit property vest in her absolutely in fee simple under the statutes pertaining to homestead." *Page 526 
The appellants admit that the findings of fact are amply supported by the evidence, but they contend that the trial court erroneously applied the law to those facts. The appellee, on the other hand, argues that the finding that "the suit property did not have the character of homestead" is palpably wrong, but that the trial court reached the correct result in setting aside the homestead in her favor.
The definition of "homestead property" was cogently discussed in Mordecai v. Scott, 294 Ala. 626, 320 So.2d 642 (1975), when Chief Justice Heflin, writing for the Court, stated that:
 "In general, the homestead law provides to named survivors a homestead not exceeding 160 acres in area which is exempt from administration and the payment of debts. Title 7, Sections 661, 663, 697, Code of Alabama, 1940 (Recompiled 1958). Although the term `homestead' is not defined in the statute, this court has stated that `[a] homestead, in law, means a home place, or place of the home, and is designed as a shelter of the homestead roof, and not as a mere investment in real estate, or the rents and profits derived therefrom.' Griffin v. Ayers, 231 Ala. 493, 496, 165 So. 593, 595 (1936). It has been further defined as `the roof that shelters and the land used in connection therewith for the comfort and sustenance of the family * * *' Moseley v. Neville, 221 Ala. 429, 431, 129 So. 12, 14 (1930), quoted in Griffin v. Ayres, supra. Normally the land must have been occupied by decedent prior to his death. Turner v. Turner, 107 Ala. 465, 18 So. 210 (1895). Contiguous real estate used for rental or commercial purposes and not used by the homeowner or his family is not within the `homestead.' Griffin v. Ayers, supra; Turner v. Turner, supra. But see Cade v. Graffo, 227 Ala. 11, 148 So. 591 (1933), where contiguous property rented to others was determined to be part of the homestead because it was also used by the owner in connection with the homeplace."
"Where the trial court makes findings after hearing witnesses ore tenus, every presumption will be indulged in favor of the court's findings, and its findings will not be disturbed on appeal unless they are found to be palpably wrong." Russell v.Russell, 361 So.2d 1053 (Ala. 1978). We find that the evidence adduced at trial adequately supports the finding of the trial court that, at the time of Bill's death, the subject property did not have the character of a homestead. Cf. Garrett Sonsv. Jones, 95 Ala. 96, 10 So. 702 (1891).
Mordecai v. Scott, supra, does hold ". . . that a homestead of unlimited value vests absolutely in the eligible survivors where the homestead is all the real estate owned by decedent in the state at his death, decedent's estate owes no debts and the property has not been devised, provided it doesn't exceed 160 acres." In Mordecai, this Court construed the second sentence of what is now Code 1975, § 6-10-60 in context with Code 1975, § 6-10-62 to reach the result it reached. The rule of Mordecai, however, is based upon a finding that the subject property was, in fact, homestead property. In the instant case we have no such finding. In fact, we have a finding to the contrary; therefore, the rule of Mordecai is inapplicable.
In view of the fact that the trial court found that the suit property did not have the character of homestead, can its judgment setting aside the entire suit property be sustained? We hold that it cannot.
The law in effect at the date of the decedent's death provided that when a decedent has no homestead exempt to him at the time of death a surviving widow could have an exemption established as follows:
 "Exemption in lieu of homestead. If such decedent, at the time of his death, has no homestead exempt to him from levy and sale under process, his widow and minor child, or children, or either, shall be, unless they have obtained the benefits of such exemption under section 654 of this title, entitled to homestead exemption out of any other real estate owned by him, which in value, area, interest, *Page 527 
and estate, shall conform to the provisions of the preceding section; and if such decedent at the time of his death has no homestead exempt to him from levy and sale under process, and has no other real estate out of which an exempt homestead can be carved, the widow and minor children, or either of them, may, by petition in the probate court or by bill in equity, have the homestead or any other real estate owned by the decedent at the time of his death sold, and six thousand dollars of the purchase money therefor applied by the court in accordance with the provisions of section 687; provided such petition or bill in equity is filed before a final distribution of the assets of decedent's estate has been made. And in no case, and under no circumstances, shall the widow and the minor children, or either of them, be deprived of homestead or six thousand dollars in lieu thereof, if they or either of them apply therefor in manner as herein provided before final distribution of the decedent's estate. Provided, however, if the widow and minor child, or children, or either, have obtained the benefits of any exemption under section 654 of this title, the amount of exemption received under section 654 and the amount of exemption received under this section shall total only six thousand dollars." Code 1940 (Recomp. 1958), Tit. 7, § 662.
The legislature has made specific provision for carving out the homestead in cases such as this and for selling the property and paying the widow when carving out the homestead cannot be done. The trial court should have followed the procedure outlined in Code 1940 (Recomp. 1958), Tit. 7, § 662.
Because the trial court erred in setting aside the entire property, in fee, to the widow as a homestead, the cause is due to be reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.